Amy REMISZEWSKI, Plaintiff-Respondent-Cross-Appellant,†

v.

AMERICAN FAMILY INSURANCE COMPANY, Defendant-Appellant-Cross-Respondent,

ROCKWELL INTERNATIONAL CORPORATION, Defendant.

Court of Appeals

*No. 03–2653. Submitted on briefs June 14, 2004.—Decided August 4, 2004.*

2004 WI App 175

(Also reported in 687 N.W.2d 809.)

† Petition to review denied 10-19-2004.

170

On behalf of the defendant-appellant-cross-respondent, the cause was submitted on the briefs of *James T. Murray, Jr.* and *Frederick J. Smith*, of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *Victor C. Harding* of *Warshafsky, Rotter, Tarnoff, Reinhardt & Bloch, S.C.* of Milwaukee.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J.  This opinion addresses an appeal and a cross-appeal in an insurance coverage dispute between American Family Insurance Company and its insured, Amy Remiszewski. At summary judgment, the trial court ruled that the reducing clauses in the three American Family policies at issue were unenforceable. American Family appeals this ruling. However, the court also ruled that the anti-stacking provisions in the policies were enforceable. Remiszewski cross-appeals this ruling.

¶ 2.  We conclude that both the reducing clauses and the anti-stacking provisions of the American Family policies are enforceable. We therefore reverse the trial court order as to American Family's appeal and affirm as to Remiszewski's cross-appeal. We remand for further proceedings.

# BACKGROUND

¶ 3.  Remiszewski suffered severe personal injuries as a result of an accident which occurred when she was a passenger in Doug Piotrowski's vehicle. Remiszewski incurred approximately $300,000 in medical bills as a result of the accident. Piotrowski was insured by American Standard Insurance Company, which paid Remiszewski its full policy limits of $100,000.

¶ 4.  Remiszewski was an insured under three separate American Family policies issued to her father, Joseph Remiszewski. Each American Family policy contained an underinsured motorist (UIM) provision with limits of $250,000. The UIM coverage endorsement accompanying the American Family policies contains the following anti-stacking and reducing clauses:[2]

## LIMITS OF LIABILITY

The limits of liability of this coverage as shown in the declarations apply, subject to the following:

1. The limit for each person is the maximum for all persons as the result of **bodily injury** to one person in any one accident.

. . . .

**We** will pay no more than these maximums no matter how many vehicles are described in the declarations, or **insured persons**, claims, claimants, policies or vehicles are involved.

The limits of liability of this coverage may not be added to the limits of liability of any similar coverage under any other policy an **insured person** or any member of an **insured persons** household may have.

---

[2] The basic policy language in all three policies is virtually identical.

. . . .

The limits of liability of this coverage will be reduced by:

1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an **underinsured motor vehicle**.

¶ 5.   Each American Family policy also includes an "OTHER INSURANCE" provision, which states in part:

If there is other similar insurance on a loss covered by this endorsement, **we** will pay **our** share according to this policy's proportion of the total limits of all similar insurance.

¶ 6.   Remiszewski sought full payment under all three American Family policies. American Family rejected the demand and instead agreed to pay Remiszewski $150,000, representing the $250,000 limit of liability under one policy, reduced by the $100,000 paid by Piotrowski's policy.

¶ 7.   Remiszewski responded with this declaratory judgment action pursuant to WIS. STAT. § 806.04 (2001–02).[3] Remiszewski argued that the totality of the language in the American Family policies produced an ambiguity as to American Family's UIM coverage and,

---

[3] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

Remiszewski also requested declaratory judgment against Rockwell International Corporation seeking a determination that Rockwell's group employee health plan did not entitle Rockwell to participate in any third party/UIM proceeds until Remiszewski has been made whole. This claim was later dismissed without prejudice and is not at issue on appeal.

as such, should be construed against American Family. Remiszewski also relied on the "OTHER INSURANCE" provision of the American Family policies, which she labels a "pro-stacking" provision. Remiszewski asked the trial court to "add the $250,000 policy limits of UIM coverage in all three policies pursuant to the 'pro stacking' clause in the UIM endorsement" or "declare the UIM provisions with respect to anti stacking as ambiguous in the context of the entire contract and, therefore, void as a matter of law." Remiszewski also asked the court to find the reducing clause contained in each of the policies to be ambiguous and contrary to the reasonable expectations of an insured and, therefore, void as set forth in *Badger Mutual Insurance Co. v. Schmitz*, 2002 WI 98, 255 Wis. 2d 61, 647 N.W.2d 223.

¶ 8.  In its answer, American Family denied that its policies were ambiguous and asked the trial court to declare that both the anti-stacking and reducing clauses were valid and enforceable.

¶ 9.  Both parties moved for summary judgment. Following briefing by the parties and a hearing, the trial court ruled that:   (1) American Family's reducing clauses were illusory, contrary to statute and unenforceable; and (2) American Family's anti-stacking clauses were unambiguous and enforceable. The court's ruling was later reduced to a written decision and followed by an order dismissing Remiszewski's complaint.[4] American Family appeals and Remiszewski cross-appeals.

---

[4] By order of the court of appeals dated September 5, 2003, the parties' initial appeals were dismissed as taken from a nonfinal order. The parties then entered into a stipulation for dismissal and they appeal from the ensuing order for dismissal.

## DISCUSSION

*Standard of Review*

¶ 10. We review a grant of summary judgment by applying the same methodology as the circuit court. *Fox v. Catholic Knights Ins. Soc'y*, 2003 WI 87, ¶ 17, 263 Wis. 2d 207, 665 N.W.2d 181. Under WIS. STAT. § 802.08(2), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Here, neither party argues that there are material issues of fact. Therefore, our inquiry is limited to the interpretation of American Family's insurance policies.

¶ 11. Insurance contract interpretation presents a question of law that is reviewed de novo. *Folkman v. Quamme*, 2003 WI 116, ¶ 12, 264 Wis. 2d 617, 665 N.W.2d 857. An insurance policy is construed to give effect to the intent of the parties as expressed in the language of the policy. *Id.* Therefore, the first issue in construing an insurance policy is to determine whether an ambiguity exists regarding the disputed coverage issue. *Id.*, ¶ 13. Insurance policy language is ambiguous "if it is susceptible to more than one reasonable interpretation." *Id.* (citation omitted). If there is no ambiguity in the language of an insurance policy, it is enforced as written, without resort to rules of construction or applicable principles of case law. *Id.* If there is an ambiguous clause in an insurance policy, we will construe that clause in favor of the insured. *Id.*

175

*Appeal:   Reducing Clause*

■

¶ 12.   American Family appeals the trial court's ruling that the reducing clause is "illusory, contrary to statute, and unenforceable." Each of Remiszewski's three American Family policies provided for $250,000 in UIM coverage. Piotrowski, the driver of the vehicle in which Remiszewski was injured, was insured by American Standard with liability limits of $100,000. American Standard paid its limits of liability ($100,000) under Piotrowski's policy to Remiszewski. In response to Remiszewski's demand for full payment under all three policies, American Family instead offered to pay its policy limits of $250,000 under a single policy, reduced by the $100,000 already paid to Remiszewski under Piotrowski's policy.

¶ 13.   Wisconsin Stat. § 632.32(5)(i)1 provides that an insurance policy "may provide that the limits under the policy for uninsured or underinsured motorist coverage for bodily injury or death resulting from any one accident shall be reduced by . . . [a]mounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made."

¶ 14.   The reducing clause in the American Family policies state that "[t]he limits of liability of this coverage will be reduced by: . . . [a] payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an **underinsured motor vehicle**."

¶ 15.   Specifically, Remiszewski targets the phrase "amount payable." She notes that this language is not contained in Wis. Stat. § 632.32(5)(i)1, and therefore

claims that the phrase renders the UIM coverage illusory because it could include Piotrowski, who has not yet been released from liability and who "may be legally liable." Because there may yet be an "amount payable" to her from Piotrowski, Remiszewski argues that she purchased nothing when she contracted and paid for UIM coverage, making the contract illusory.

¶ 16. American Family contends that Remiszewski's argument under the "amount payable" language is a non-issue because American Family never invoked this provision as a basis for rejecting Remiszewski's demand for full coverage. Rather, American Family invoked the "payment made" provision when reducing Remiszewski's UIM coverage—a provision which Remiszewski does not challenge. American Family argues that contrary to *Folkman*, Remiszewski is requesting this court to "ferret" through American Family's policies to unearth ambiguity when "inconsistencies in the context of a policy must be material to the issue in dispute and be of such a nature that a reasonable insured would find an alternative meaning." *Folkman*, 264 Wis. 2d 617, ¶ 32.

¶ 17. We agree with American Family. Here, Remiszewski is challenging American Family's right to reduce her payment by the amount already paid to her from Piotrowski's policy. While the "amount payable" provision would arguably permit further reductions, it would not cause a reasonable insured to believe that reductions would not be made *for actual payments already made from other sources*. We therefore reject Remiszewski's contention that the "amount payable" language renders the reducing clauses ambiguous as applied in her case. The fact that an insurance policy may include arguably ambiguous language upon which

the insurer has not relied is of no consequence and will not defeat the right of an insurer to reduce its limits of liability under a valid provision. *See, e.g., Van Erden v. Sobczak*, 2004 WI App 40, ¶ 25, 271 Wis. 2d 163, 677 N.W.2d 718 (holding that a catchall phrase in a reducing clause that contained language not found in WIS. STAT. § 632.32(5)(i) did not render the clause ambiguous; noting that the language was not in dispute and did not apply to the facts at bar), *review denied*, 2004 WI 114, 273 Wis. 2d 655, 684 N.W.2d 136 (2004) (No. 02–1595).

¶ 18.   As an alternative ground for striking American Family's reducing clause, Remiszewski argues that there exists a number of defects in American Family's policy. Relying on *Schmitz*, Remiszewski contends that American Family's reducing clause is ambiguous when considered in light of the entire policy. *See Folkman*, 264 Wis. 2d 617, ¶ 19 ("Occasionally a clear and unambiguous provision may be found ambiguous in the context of the entire policy.").

¶ 19.   In support of her argument that the American Family policy contains contextual ambiguity, Remiszewski cites three specific provisions in the policy:   (1) the policy directs the insured to the declarations page to derive coverage and limits; (2) the policy's quick reference page makes no reference to UIM coverage; and (3) the policy represents that UIM maximums are attainable when they are not. We reject Remiszewski's attempt to liken American Family's policy to the one issued in *Schmitz*.

¶ 20.   First, the policy in *Schmitz* was twenty-nine pages long. *Schmitz*, 255 Wis. 2d 61, ¶ 52. By our count, American Family's policy is seventeen pages long, including the declarations page, quick reference page, and

UIM endorsement. Second, the declarations page in *Schmitz* did not reference UIM coverage. *Id.*, ¶¶ 53, 62. Here, American Family's declarations page specifically refers the insured to the UIM endorsement and sets forth the limits of UIM coverage. While the quick reference page refers to uninsured motorist coverage but not UIM coverage, the declarations page, which precedes the quick reference page, alerts the insured to the UIM endorsement. Moreover, the quick reference page begins with the following admonition: "The following Quick Reference is only a brief outline of some important features in your policy and is not the insurance contract. The policy details the rights and duties of you and your insurance company. **Read your policy carefully**." Finally, as this court noted in *Commercial Union Midwest Insurance Co. v. Vorbeck*, 2004 WI App 11, ¶¶ 31–32, 269 Wis. 2d 204, 674 N.W.2d 665, *review denied*, 2004 WI 20, 269 Wis. 2d 200, 675 N.W.2d 806 (Wis. Feb. 24, 2004) (No. 03–0100), the failure of a quick reference index to refer to the UIM endorsement is not alone sufficient to render a provision contextually ambiguous.

¶ 21. Finally, the ambiguity in the *Schmitz* policy rested in large part on two additional pages in that policy which are not contained in the American Family policy. First, the fifth page of the *Schmitz* policy contained a document entitled "Availability of Underinsured Motorists Coverage—Wisconsin." *Schmitz*, 255 Wis. 2d 61, ¶ 66. That document explained that UIM coverage "will pay the remainder of the bodily injury damages up to the limit of liability you select for underinsured motorists coverage." *Id.* This definition of UIM coverage gave the false expectation that the UIM coverage purchased would pay up to the limit of liability without a reduction. Second, the Schmitz policy con-

179

tained a schedule or declarations page for UIM liability limits of $250,000 for each person capped by $500,000 for each accident. *Id.*, ¶ 64. The schedule failed to inform that the dollar limits represented combined payments from all sources. *Id.*, ¶ 65.

¶ 22.   The *Schmitz* court held that the policy in that case was "organizationally complex and plainly contradictory." *Id.*, ¶ 72.

> It sends several false signals to the insured. It is not user-friendly. The notice of availability of UIM coverage, together with the "maximum of liability" listed on the declarations page and on the split UIM limits page, combine to create the confusion, ambiguity, and illusory coverage in the context of the entire policy. This renders an otherwise unambiguous, although poorly labeled, reducing clause unenforceable.

*Id.* The same cannot be said of American Family's policy in this case, which is relatively short and does not emit any of the false signals as in the *Schmitz* policy.

¶ 23.   Remiszewski also contends that the limits of liability provision in the UIM endorsement is misleading in that it provides that American Family "will pay no more than [the] maximums" set forth in the declarations page. Remiszewski argues that because the maximum limits for UIM liability coverage are not attainable if American Family is permitted to reduce, the UIM provision is deceptive and contradictory. However, we have previously rejected the argument that a "maximum limits" provision represents an unequivocal commitment by an insurer to pay the maximum limits of its liability to the exclusion of other relevant provisions in the policy. *Vorbeck*, 269 Wis. 2d 204, ¶ 39. Here, the "maximum limits" language is immediately followed in the "Limits of Liability" section by the reducing

180

clause. Given the proximity and clarity of these provisions, we conclude that the "maximum limits" language does not render the policy susceptible to more than one meaning.

¶ 24. In *Folkman*, 264 Wis. 2d 617, the supreme court observed,

> Some ambiguity is unavoidable because words are unable to anticipate every eventuality. But other ambiguity is the result of the insurer's imperfect preparation of the policy. A clearly written policy promotes a good relationship between the insurer and the insured and protects the insured from future misunderstandings. The insurer's best defense against an unwarranted but appealing claim is an unambiguous policy.
>
> Occasionally a clear and unambiguous provision may be found ambiguous in the context of the entire policy. Insurers dislike this principle. Yet, the opposite principle—that courts must mechanically apply a clear provision *regardless* of the ambiguity created by the organization, labeling, explanation, inconsistency, omission, and text of the other provisions in the policy—is not acceptable.

*Id.*, ¶¶ 18–19 (citations omitted). The question in reviewing an insurance policy "is whether the provisions under inquiry lead to a reasonable alternative meaning because of the language, location, labeling, or inconsistency with other provisions." *Vorbeck*, 269 Wis. 2d 204, ¶ 34. We conclude that the reducing clause contained in the UIM endorsement is clear and unambiguous. We further conclude that neither the structure and organization of American Family's policy, nor any provision therein, renders the reducing clause contextually ambiguous.

181

*Cross-Appeal: Anti-Stacking Provision*

¶ 25.   Remiszewski cross-appeals the trial court's ruling upholding the anti-stacking provisions of the American Family policies. Each policy provided UIM coverage with a $250,000 limit of liability accompanied by an anti-stacking provision which states:

> **We** will pay no more than these maximums no matter how many vehicles are described in the declarations, or **insured persons**, claims, claimants, policies or vehicles are involved.

> The limits of liability of this coverage may not be added to the limits of liability of any similar coverage under any other policy an **insured person** or any member of an **insured persons** household may have.

¶ 26.   This anti-stacking provision is authorized under WIS. STAT. § 632.32(5)(f), and Remiszewski does not argue otherwise. However, Remiszewski contends that the American Family policies are confusing because they fail to include the following underlined language in the statute:

> A policy may provide that regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid the limits for any coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident. (Emphasis added.)

Remiszewski contends that without the underlined language an insured is left guessing as to what infor-

mation the policy is trying to convey about adding or not adding limits from other policies.

¶ 27. We reject Remiszewski's argument. Even absent the underlined language, the anti-stacking provision clearly conveys that regardless of the number of policies held by a claimant, American Family's coverage will not exceed the UIM maximums. Further, this same American Family anti-stacking provision was upheld in *Sugden v. Bock*, 2002 WI App 49, ¶ 6, 251 Wis. 2d 344, 641 N.W.2d 693. There, the court held that the statutes permit insurance policies to limit stacking and that, in doing so, the anti-stacking provision need not be a word-for-word mirror of Wis. Stat. § 632.32(5)(f). *Sugden*, 251 Wis. 2d 344, ¶¶ 8–9.

¶ 28. Remiszewski additionally contends that American Family's anti-stacking provision conflicts with what she characterizes as a "pro-stacking" provision in the UIM endorsement. That so-called "pro-stacking" provision is the "OTHER INSURANCE" section of the policies which provides: "If there is other similar insurance on a loss covered by this endorsement, **we** will pay **our** share according to this policy's proportion of the total limits of all similar insurance." In a related argument, Remiszewski also contends that the anti-stacking provision should be contained in the "OTHER INSURANCE" provision.

¶ 29. We begin by rejecting Remiszewski's contention that the "OTHER INSURANCE" provision is a "pro-stacking" provision. The purpose of an "other insurance" provision is to define the primary and excess coverage between policies, *see* Wis. Stat. § 631.43(1), and such a provision "does not affect the rights of insurers to exclude, limit or reduce coverage" via anti-stacking provisions pursuant to Wis. Stat. § 632.32(5)(f),

*see* § 631.43(3). The purposes of the two provisions at issue are separate and distinct.

¶ 30.   Next, we reject Remiszewski's contention that American Family's anti-stacking provision should have been included in the "OTHER INSURANCE" section of the policy, which immediately follows the "LIMITS OF LIABILITY" section. The anti-stacking provision operates to limit American Family's liability and, as such, American Family properly included it in the section of the UIM endorsement entitled, "LIMITS OF LIABILITY."

¶ 31.   Given the structure of the American Family policies and the language of the two provisions, which state distinct purposes, we conclude that a reasonable person reading the anti-stacking language and the other insurance clause would understand that the anti-stacking provision is a limit of liability while the "OTHER INSURANCE" clause pertains to the manner in which American Family will address the existence of other primary coverage. A reasonable insured would not be misled or receive a false signal by the location or language of the anti-stacking provision.

## CONCLUSION

¶ 32.   We conclude that both the reducing clauses and the anti-stacking provisions of the American Family policies are clear and unambiguous and are therefore enforceable. We reverse the trial court's grant of summary judgment to Remiszewski invalidating the reducing clauses. However, we affirm the court's grant of summary judgment to American Family upholding the anti-stacking provisions. We remand for further proceedings consistent with this opinion.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.