Patricia M. Klinger, individually, and and as
Special Administrator of the Estate of David A.
Klinger, deceased, Plaintiffs-Appellants,†

v.

Prudential Property and Casualty Insurance
Company, a foreign insurance corporation,
Defendant-Respondent.

Court of Appeals

*No. 2004AP1704. Submitted on briefs February 17, 2005.
—Decided April 20, 2005.*

2005 WI App 105

(Also reported in 700 N.W.2d 290.)

<hr>

† Petition to review denied 7-28-05.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Patrick O. Dunphy* and *Charles David Schmidt* of *Cannon & Dunphy, S.C.* of Brookfield.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Kurt Van Buskirk* of *Law Offices of Stilp & Cotton* of Brookfield.

Before Anderson, P.J., Brown and Nettesheim, J.

¶ 1. NETTESHEIM, J.   Patricia M. Klinger, individually and as Special Administrator of the Estate of David A. Klinger, (Klinger) appeals from a declaratory judgment in favor of Prudential Property and Casualty Insurance Company. The declaratory judgment court upheld the underinsured motorist (UIM) reducing clause provisions of the Prudential insurance policy issued to Klinger. Klinger argues that the reducing clause provisions are unenforceable pursuant to *Hanson v. Prudential Property & Casualty Insurance Co.*, 2002 WI App 275, 258 Wis. 2d 709, 653 N.W.2d 915, which held that similar provisions violated Wis. Stat. § 632.32(5)(i) (2003–04) because they authorized UIM benefit reductions not recognized by the statute.[1]

---

[1] Wisconsin Stat. § 632.32(5)(i) provides:

¶ 2.   We conclude that *Hanson* no longer states the current law on this issue. Consistent with post-*Hanson* case law, we conclude that Prudential was entitled to reduce its UIM limits of liability by payments made by, or on behalf of, the party responsible for the loss. Therefore we affirm the declaratory judgment in favor of Prudential.

## *BACKGROUND*

¶ 3.   The underlying facts are not in dispute. On April 4, 2003, Klinger's husband, David Klinger, was killed in a motor vehicle accident caused by Matthew D. Olson, an underinsured drunk driver. Olson was insured by Auto Club Insurance Association which paid Klinger $50,000, the maximum limit of its liability.

¶ 4.   At the time of the accident, Klinger and her husband were insured under a motor vehicle policy issued by Prudential. The policy provided UIM coverage with a liability limit of $250,000 "Each Person." Klinger demanded that Prudential pay the UIM policy limit of

---

(i) A policy may provide that the limits under the policy for uninsured or underinsured motorist coverage for bodily injury or death resulting from any one accident shall be reduced by any of the following that apply:

1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

2. Amounts paid or payable under any worker's compensation law.

3. Amounts paid or payable under any disability benefits laws.

All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

$250,000. Prudential tendered $200,000 to Klinger, contending that it was entitled to reduce its UIM liability limits by the $50,000 previously paid by Olson's insurer.

¶ 5. As a result, Klinger filed the instant declaratory judgment action seeking a ruling that the Prudential UIM reducing clause provisions were invalid and unenforceable pursuant to WIS. STAT. § 632.32(5)(i), and that the provisions were contextually ambiguous. The parties entered into a stipulation stating that "the sole issue in this case is whether the defendant may enforce a reducing clause in the [UIM] coverage of a policy of insurance it issued to the plaintiffs, which was effective on April 4, 2003." The parties additionally stipulated that the issue was appropriate for resolution by summary judgment.

¶ 6. Following briefing and oral argument, the trial court issued a bench decision granting summary judgment to Prudential. The court determined that Prudential's UIM reducing clause provisions complied with the statutory mandates of WIS. STAT. § 632.32(5)(i) and that under *Folkman v. Quamme*, 2003 WI 116, 264 Wis. 2d 617, 665 N.W.2d 857, the UIM provisions were not contextually ambiguous. Klinger appeals.

## *DISCUSSION*

■■■■

¶ 7. Our standard of review is de novo for two reasons. First, insurance contract interpretation presents a question of law that is reviewed de novo. *Folkman*, 264 Wis. 2d 617, ¶ 12. Second, we review a summary judgment ruling de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

¶ 8. "The same rules of construction that govern general contracts are applied to the language in insurance policies. An insurance policy is construed to give effect to the intent of the parties as expressed in the language of the policy." *Folkman*, 264 Wis. 2d 617, ¶ 12 (citations omitted).

## The Prudential UIM Coverage

¶ 9. The declarations in the Prudential policy provide underinsured motorists coverage for bodily injury with policy limits of $250,000, each person, and $500,000, each accident. "PART 5" of the policy is entitled "**UNDERINSURED MOTORISTS—IF YOU ARE HIT BY A MOTOR VEHICLE THAT IS UNDERINSURED.**" This section states:

**A. OUR OBLIGATIONS TO YOU (PART 5)**

> **1. Underinsured Motorists Bodily Injury Coverage**
>
> If **you** have this coverage (see **your** Declarations), **we** will pay up to **our** Limit Of Liability for **bodily injury** as described in How We Will Settle A Claim (Part 5) when an **insured** is struck by an underinsured **motor vehicle**.

The section entitled "**HOW WE WILL SETTLE A CLAIM**" recites the reducing clauses at issue in this case:

> **1. Limit of Liability-Bodily Injury: Each Person**
>
> The limit stated under Underinsured Motorists-Bodily Injury-Each Person on **your** Declarations is the maximum **we** will pay for all damages, less all amounts recovered for all damages arising out of **bodily injury** to one person as a result of any one accident.

541

. . . .

### 5. Payments Reduced

The Limit of Liability shall be reduced by all sums paid or payable because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible subject to the Each Person, Each Accident limit. This includes all sums paid or payable for **bodily injury** under any other Part of this policy or by other sources such as Worker's Compensation, disability or similar laws.

## The Applicable Case Law

¶ 10. As noted, Klinger relies principally on this court's decision in *Hanson* to support her contention that Prudential's reducing clauses are unenforceable. In response, Prudential disputes the continued viability of *Hanson* in light of post-*Hanson* case law.

¶ 11. In *Hanson*, we construed similar UIM reducing clauses in a Prudential insurance policy to say that "the insured's UIM coverage would be reduced by payments from any and every source, rather than the three allowed by statute." *Hanson*, 258 Wis. 2d 709, ¶ 17. We thus held that the reducing clauses did not comply with Wis. Stat. § 632.32(5)(i) and, as such, the reducing clause provisions did not clearly inform the insured of the level of UIM coverage actually purchased. *Hanson*, 258 Wis. 2d 709, ¶ 17. Relying on the supreme court's then recent decision in *Badger Mutual Insurance Co. v. Schmitz*, 2002 WI 98, ¶ 46, 255 Wis. 2d 61, 647 N.W.2d 223, we went on to conclude that even if the reducing clause had conformed to § 632.32(5)(i), it was not "crystal clear" within the context of the whole policy. *Hanson*, 258 Wis. 2d 709, ¶ 18.

¶ 12. However, following its decision in *Schmitz*, the supreme court decided *Folkman*, where it clarified the "crystal clear" standard. *Folkman*, 264 Wis. 2d 617, ¶¶ 30–32. The court stated that it did not intend *Schmitz* to alter the standard of review for whether an automobile insurance policy is ambiguous.[2] *Folkman*,

[2] In making this statement, the supreme court noted three court of appeals cases which invoked the "crystal clear" language. *Folkman v. Quamme*, 2003 WI 116, ¶ 30 n.14, 264 Wis. 2d 617, 665 N.W.2d 857 (citing *Gohde v. MSI Ins. Co.*, 2003 WI App 69, ¶¶ 6, 8, 261 Wis. 2d 710, 661 N.W.2d 470 ("Although a reducing clause may comply with the statute's language, the clause may still be unenforceable if its effect is not 'crystal clear in the context of the whole policy.' ") (citing *Badger Mut. Ins. Co. v. Schmitz*, 2002 WI 98, ¶ 46, 255 Wis. 2d 61, 647 N.W.2d 223); *Dowhower ex rel. Rosenberg v. Marquez*, 2003 WI App 23, ¶¶ 22–23, 260 Wis. 2d 192, 659 N.W.2d 57 ("*Schmitz* teaches us that in order for the policy to explain the effects of the reducing clause with crystal clarity, all of the provisions helping the insured navigate his or her way through the policy must be consistent with one another and with the reducing clause."); *Hanson v. Prudential Prop. & Cas. Ins. Co.*, 2002 WI App 275, ¶ 18, 258 Wis. 2d 709, 653 N.W.2d 915 ("Even if the reducing clause conformed to Wis. Stat. § 632.32(5)(i), it is not 'crystal clear' within the context of the whole policy.") (quoting *Schmitz*, 255 Wis. 2d 61, ¶ 46)).

The parties in both *Dowhower* and *Gohde* filed petitions for review before the supreme court, which resulted in the supreme court vacating those decisions in light of the court's decision in *Folkman. See Dowhower ex rel. Rosenberg v. Marquez*, 2003 WI App 23, ¶ 1, 260 Wis. 2d 192, 659 N.W.2d 57, *vacated*, 2003 WI 127, 265 Wis. 2d 410, 668 N.W.2d 735 (WI Sept. 12, 2003) (No. 2001AP1347); *Gohde v. MSI Ins. Co.*, 2003 WI App 69, ¶ 17, 261 Wis. 2d 710, 661 N.W.2d 470, *vacated*, 2003 WI 128, 265 Wis. 2d 412, 668 N.W.2d 556 (WI Sept. 12, 2003) (No. 2001AP2121). Therefore, these decisions, which employed the "crystal clear" test, are no longer good law. *See also Van Erden v. Sobczak*, 2003

264 Wis. 2d 617, ¶¶ 30–32. The court stated, "*Schmitz* and its predecessors do not demand perfection in policy draftsmanship. These decisions advise insurers to draft policies in a clear manner .... To prevent contextual ambiguity, a policy should avoid inconsistent provisions, provisions that build up false expectations, and provisions that produce reasonable alternative meanings." *Folkman*, 264 Wis. 2d 617, ¶ 31. Thus, pursuant to *Folkman*, "crystal clear" is not the standard for ambiguity. *Gohde v. MSI Ins. Co.*, 2004 WI App 69, ¶ 7, 272 Wis. 2d 313, 679 N.W.2d 835, *review denied*, 2004 WI 114, 273 Wis. 2d 655, 684 N.W.2d 136 (WI June 8, 2004) (No. 2001AP2121).

¶ 13.    In addition, post-*Hanson* law has also established that an insured will not be heard to rely on hypothetical scenarios in an effort to invalidate a reducing clause. *See Remiszewski v. American Family Ins. Co.*, 2004 WI App 175, ¶ 17, 276 Wis. 2d 167, 687 N.W.2d 809, *review denied*, 2004 WI 138, 276 Wis. 2d 30, 689 N.W.2d 57 (WI Oct. 19, 2004) (No. 2003AP2653). *See also Van Erden v. Sobczak*, 2004 WI App 40, ¶ 25, 271 Wis. 2d 163, 677 N.W.2d 718, *review denied*, 2004 WI 114, 273 Wis. 2d 655, 684 N.W.2d 136 (WI May 12, 2004) (No. 2002AP1595). Instead, we look to the actual facts of the particular case and determine whether the reducing clause at issue permitted the payment reduc-

WI App 57, ¶ 21 n.3, 260 Wis. 2d 881, 659 N.W.2d 896, *vacated*, 2003 WI 129, 265 Wis. 2d 414, 668 N.W.2d 735 (WI Sept. 12, 2003) (No. 2002AP1595). That *Hanson* survived the transition between *Schmitz* and *Folkman* appears to be a function of the fact that the petition for review was dismissed in *Hanson* and therefore the court of appeals never revisited that decision in light of *Folkman*.

tion in question and whether the reduction was authorized by WIS. STAT. § 632.32(5)(i). *See Van Erden*, 271 Wis. 2d 163, ¶ 25.

¶ 14. We therefore reject Klinger's request that we examine the Prudential policy in light of *Hanson*. The law has moved beyond the supreme court's "crystal clear" language relied upon by the *Hanson* court. In addition, the law no longer tests the validity of a reducing clause under hypothetical scenarios.

## *Validity of the Reducing Clauses*

¶ 15. Klinger does not argue that the Prudential UIM reducing clause provisions suffer from the same organizational complexity as the policy in *Hanson*. However, Klinger does contend that the provisions carry the same statutory defect as those in *Hanson* by permitting reductions in UIM liability limits not authorized by WIS. STAT. § 632.32(5)(i). Our holding that *Hanson* is no longer the controlling law on that issue largely foretells our rejection of Klinger's argument.

¶ 16. We first address the language appearing in the first reducing clause. As in *Hanson*, the Prudential UIM "Limit of Liability" provision states, in part, that the limit of liability for UIM as stated in the Declarations is the limit of liability "less all amounts recovered for all damages."[3] On a threshold basis, Prudential

---

[3] The clause in *Hanson*, 258 Wis. 2d 709, ¶ 13, provided:

The limit stated under UNDERINSURED MOTORISTS—EACH PERSON on the Declarations is the limit of our liability *less all amounts recovered for all damages,* including damages for care or loss of services, arising out of bodily injury to one person as a result of any one accident. (Emphasis added.)

argues that this language is not a reducing clause.[4] We disagree for two reasons. First, the language clearly and unambiguously authorizes Prudential to reduce its limit of UIM liability by the amount "recovered for all damages." Second, *Hanson* has already determined that this language functions as a reducing clause, prompting the court to conclude that the Prudential policy contained two reducing clauses.[5] *Hanson*, 258 Wis. 2d 709, ¶¶ 22–23. We therefore treat this language as a reducing clause. Relying on *Hanson*, Klinger argues that this language operates to authorize UIM reductions beyond the scope authorized by WIS. STAT. § 632.32(5)(i).

¶ 17. Klinger mounts a similar *Hanson*-based argument with respect to the language in the second clause of the Prudential policy. This provision states that the UIM limit of liability will be reduced "by all sums paid or payable because of the **bodily injury** by or on behalf of persons or organizations *who may be legally responsible* subject to the Each Person, Each Accident limit." (Italics added.) Klinger contrasts this to WIS. STAT. § 632.32(5)(i), which permits insurers to reduce UIM liability limits by "[a]mounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the

---

[4] Prudential argues that the language in this first clause is merely "an overview as to the split limit of liability coverage" and serves only "to provide additional notice to the insured that the amount of the UIM coverage can be reduced." Thus, Prudential concludes that only the second clause is the actual reducing clause.

[5] Although we hold that *Hanson* no longer represents current law as to the enforceability of such reducing clauses in light of subsequent case law, the *Hanson* statement that both clauses are reducing clauses remains good law.

payment is made." Klinger contends that this reducing clause language is invalid because it impermissibly broadens the statutory language by failing to restrict reductions to payments made by those who, in the words of the statute, "may be legally responsible for the bodily injury or death for which the payment is made." *See id.* Klinger reasons that the language used in the reducing clause could allow for impermissible reductions such as towing expenses or health insurance payments.

██

¶ 18.   We reject Klinger's challenge to the reducing clause provisions of the Prudential policy. Prudential has not reduced its UIM limits of liability by the theoretical payments argued by Klinger. To the contrary, Prudential reduced its UIM liability limits by the amount paid by the liability insurer for Olson, the drunk driver who caused the accident and who was responsible for the death and resultant damages. This reduction is permitted by the language of the first reducing clause, which authorizes a reduction for "all amounts recovered for all damages." The reduction is also permitted by the second reducing clause, which authorizes a reduction for "all sums paid . . . because of the **bodily injury** by or on behalf of persons . . . who may be legally responsible." We further hold that both of these reducing clauses fall within the ambit of WIS. STAT. § 632.32(5)(i), which states:   "A policy may provide that the limits under the policy for . . . underinsured motorist coverage . . . shall be reduced by . . . 1. Amounts paid by or on behalf of any person . . . that may be legally responsible for the bodily injury or death for which the payment is made." In making this holding, we bear in mind that a reducing clause need not

mirror the language of § 632.32(5)(i). *Myers v. General Cas. Co. of Wis.*, 2005 WI App 49, ¶ 12, 694 N.W.2d 723.

¶ 19.   As we have also noted, recent case law from the court of appeals has declined to examine whether a hypothetical reduction might violate WIS. STAT. § 632.32(5)(i). Instead, we look to the actual reason for the reduction. That an insured may interpret a reducing clause as encompassing reducing payments not authorized by the statute does not render a reducing clause ambiguous or unenforceable as to reductions made for amounts paid by sources permitted under the statute. *See Remiszewski*, 276 Wis. 2d 167, ¶ 17 ("The fact that an insurance policy may include arguably ambiguous language upon which the insurer has not relied is of no consequence and will not defeat the right of an insurer to reduce its limits of liability under a valid provision."); *see also Van Erden*, 271 Wis. 2d 163, ¶ 25 (holding that a catchall phrase in a reducing clause that contained language not found in § 632.32(5)(i) did not render the clause ambiguous, noting that the language was not in dispute and did not apply to the facts at bar). Prudential reduced its UIM limits of liability on the basis of reducing clauses that pass muster under § 632.32(5)(i). We need not consider Klinger's hypothetical applications of the reducing clause provisions.

¶ 20.   Finally, Klinger contends that the first reducing clause contains language that conflicts with the second clause. However, we see nothing in the language of the two clauses that, under the facts of this case, results in any conflict or confusion to a reasonable insured. As our analysis has revealed, both reducing clauses contemplate the reduction of the UIM limits of

liability when the basis for the reduction is a payment for damages made by, or on behalf of, the responsible party. We appreciate the *Folkman* court's caution that "a policy should avoid inconsistent provisions, provisions that build up false expectations, and provisions that produce reasonable alternative meanings. These standards for clarity are consonant with Wisconsin law on ambiguity in insurance contracts." *Folkman*, 264 Wis. 2d 617, ¶ 31. Here, however, nothing in either reducing clause would lead a reasonable insured to any conclusion other than that the UIM liability limits may be reduced by the amount paid by, or on behalf of, the responsible party.

## CONCLUSION

¶ 21. WISCONSIN STAT. § 632.32(5)(i) allows for the reduction of a UIM limit of liability for payments made by, or on behalf of, the responsible party. The responsible party's insurer made such a payment in this case. Prudential's UIM reducing clause provisions unambiguously allow for a UIM payment reduction under those circumstances. We affirm the declaratory judgment upholding the Prudential UIM reducing clause provisions.

*By the Court.*—Judgment affirmed.