Alison M. WELIN,
Plaintiff-Appellant-Petitioner,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent,

Elizabeth A. PYRZYNSKI,
Honeywell International and Acuity, Defendants,

SECURA INSURANCE,
Defendant-Third-Party Plaintiff,

v.

Joshua J. OPICHKA, Wausau Benefits and
Hastings Mutual Insurance Company,
Third-Party Defendants.

Supreme Court

*No. 2004AP1513. Oral argument January 10, 2006.
—Decided June 30, 2006.*

2006 WI 81

(Also reported in 717 N.W.2d 690.)

For the plaintiff-appellant-petitioner there were briefs by *Stephanie L. Finn, Webster A. Hart,* and *Herrick & Hart, S.C.,* Eau Claire, and oral argument by *Dennis M. Sullivan.*

For the defendant-respondent there was a brief by *John A. Kramer, Michael J. Roman,* and *Zalewski, Klinner & Kramer, LLP,* Wausau, and oral argument by *John A. Kramer.*

An amicus curiae brief was filed by *Matthew A. Biegert* and *Doar, Drill & Skow, S.C.,* New Richmond, on behalf of the Wisconsin Academy of Trial Lawyers.

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. This is a review of an unpublished decision of the court of appeals affirming a summary judgment by the circuit court for Chippewa County, Benjamin D. Proctor, Judge.[1] The summary judgment was in favor of American Family Mutual Insurance Company. We reverse the

---

[1] *Welin v. Am. Family Mut. Ins. Co.,* No. 2004AP1513, unpublished slip op. (Wis. Ct. App. May 24, 2005).

decision of the court of appeals and remand the cause to the circuit court for further proceedings consistent with this opinion.

¶ 2. This case arises from an automobile accident. The liability insurance policy covering Elizabeth A. Pyrzynski, the tortfeasor, provided for a $300,000 policy limit; American Family's underinsured motorist (UIM) coverage of Alison M. Welin, the plaintiff, had limits of $300,000 per person and $300,000 per occurrence. The plaintiff's UIM coverage defined an underinsured motor vehicle as a motor vehicle that is insured with bodily injury liability limits less than the limits of liability of the UIM coverage.

¶ 3. The tortfeasor has insufficient liability coverage to pay for the damages to two people injured as a result of her negligence: the plaintiff, the driver of the other car involved in the accident; and Joshua Opichka, the tortfeasor's passenger at the time of the accident.

¶ 4. The plaintiff received $250,000 of the tortfeasor's $300,000 motor vehicle policy limit; the other person injured in the occurrence (not covered by the same UIM policy as the plaintiff) received $50,000 from the tortfeasor's insurer. The plaintiff's damages exceeded $250,000, and she is seeking $50,000 from American Family, the difference between what she was paid by the tortfeasor's insurer and the limit of liability under her UIM coverage.

¶ 5. The issue presented is whether a UIM insurance policy's definition of an underinsured motor vehicle as a motor vehicle that is insured with bodily injury liability limits less than the limits of liability of the UIM policy without regard for the amount the injured person actually receives from the tortfeasor's insurer is a reducing clause prohibited by Wis. Stat. § 632.32(4m) and (5)(i).

¶ 6. The circuit court dismissed the plaintiff's claim for her UIM coverage against American Family on the ground that the tortfeasor's vehicle did not meet the definition of an underinsured motor vehicle in the plaintiff's UIM policy; the limits in the plaintiff's UIM policy were equal to the limits in the tortfeasor's liability policy (both $300,000 per person). The circuit court therefore granted summary judgment to American Family, concluding that the plaintiff's UIM policy did not cover the plaintiff under the facts of the instant case. The court of appeals affirmed the judgment of the circuit court.

¶ 7. We conclude that prior cases upholding definitions of an underinsured motor vehicle similar to the one in the instant case remain good law for the issues they reached, but they do not resolve the issue presented by the instant case. The prior cases, unlike the instant case, involved only one injured person who was paid the full amount of the tortfeasor's liability policy.

¶ 8. We further conclude that when a tortfeasor injures more than one person in a single occurrence and the injured persons are not insured under the same UIM policy, a definition of an underinsured motor vehicle that compares the injured person's UIM limits to the limits of a tortfeasor's liability policy without regard to the amount the injured person actually receives from the tortfeasor's insurer is invalid under Wis. Stat. § 632.32(4m) and (5)(i). The definition contravenes the purpose of UIM coverage under Wis. Stat. § 632.32(4m) and functions as an impermissible reducing clause when a tortfeasor injures more than one person in a single occurrence and the injured persons are not insured under the same UIM policy.[2]

---

[2] We do not address the situation in which the injured persons are insured under the same UIM policy. In the present

## I

¶ 9. The following material facts about the automobile accident and the relevant insurance policies are undisputed.

¶ 10. The tortfeasor fell asleep while driving. Her car collided with a car driven by the plaintiff, who suffered serious injuries. Joshua Opichka, a passenger in the tortfeasor's car, was also seriously injured in the accident.

¶ 11. The tortfeasor is totally responsible for all damages. Her liability insurance policy issued by Secura Insurance provides for bodily injury liability limits of $300,000 per person and $300,000 per accident.

¶ 12. The plaintiff is insured under her father's insurance policy issued by American Family. The policy includes an endorsement providing for UIM coverage with limits of $300,000 per person and $300,000 per occurrence. The UIM endorsement defines an underinsured motor vehicle in relevant part as follows:

> Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits less than the limits of liability of this Underinsured Motorists coverage.

¶ 13. The plaintiff filed suit against the tortfeasor and the tortfeasor's insurance company. She also filed suit against American Family, her UIM insurer, for the difference between any amount she was paid by the tortfeasor's insurer and the $300,000 provided by her UIM policy with American Family.

---

case the plaintiff is insured under an American Family UIM policy and the other injured person, Joshua J. Opichka, is insured under a Hastings Mutual Insurance Co. UIM policy.

¶ 14. The parties stipulated that the plaintiff's damages were greater than $250,000 and that the tortfeasor's $300,000 limits of liability would be shared between the two injured persons; the plaintiff received $250,000, and Opichka, $50,000.[3]

¶ 15. Following the stipulation, American Family moved for summary judgment on the ground that its UIM endorsement was not triggered because the tortfeasor's vehicle did not meet the definition of an underinsured motor vehicle under the plaintiff's policy. The plaintiff contends that the definition of underinsured motor vehicle in American Family's UIM endorsement, under the circumstances of the instant case, is an impermissible reducing clause.

## II

¶ 16. This case requires us to interpret and apply prior case law, Wis. Stat. § 632.32(4m) and (5)(i), and the insurance policy to undisputed facts. The interpretation and application of case law and statutes to undisputed facts are ordinarily questions of law that this court decides independently of the circuit court and court of appeals but benefiting from their analyses. An interpretation of an insurance policy is ordinarily a question of law.[4] Finally, because this case was decided on summary judgment and the material facts are not in

---

[3] The parties also stipulated that Opichka's damages were greater than the $50,000. On August 28, 2005, we ordered Opichka's petition for review of his case, *Welin v. Pyrzynski*, No. 2004AP2386, unpublished slip op. (Wis. Ct. App. June 16, 2005), held in abeyance pending our decision in the instant case.

[4] *West Bend Mut. Ins. Co. v. Playman*, 171 Wis. 2d 37, 40, 489 N.W.2d 37 (1992).

dispute, we follow the standard of review set forth in Wis. Stat. § 802.08; we determine whether the circuit court correctly decided an issue of law in its decision on the summary judgment motion.[5]

### III

¶ 17. We now consider whether American Family's definition of an underinsured motor vehicle is, under the facts of the instant case, an impermissible reducing clause. We begin by summarizing the parties' arguments.

¶ 18. The plaintiff asserts that because the definition of an underinsured motor vehicle denies her all UIM coverage regardless of the sum paid her by the tortfeasor's liability policy, the policy definition is in effect a reducing clause prohibited by Wis. Stat. § 632.32(4m)(d) and (5)(i).[6] The plaintiff urges that the amount of UIM coverage available to her should be the difference between what she has received from the tortfeasor's insurer and the $300,000 limit of liability in American Family's UIM endorsement.

¶ 19. American Family, on the other hand, argues that the definition of an underinsured motor vehicle is

---

[5] *Prince v. Bryant,* 87 Wis. 2d 662, 666, 275 N.W.2d 662 (1979).

[6] The plaintiff also asks us to determine whether American Family's definition of an underinsured motor vehicle renders her coverage illusory and to determine that the policy in the present case is rendered ambiguous by the "Special Notice to Policy Holders" contained in the plaintiff's policy, which served the purpose of offering underinsured motorist coverage. Because we determine that in cases when there is more than one injured party covered by separate UIM policies a limit-to-limit definition of underinsured motor vehicle functions as an impermissible reducing clause, we need not address these issues.

81

just that, a definition serving as a threshold inquiry as to whether the UIM endorsement applies. American Family asserts that its definition of an underinsured motor vehicle has been upheld in prior cases and that the plaintiff's actual recovery from the tortfeasor's insurer is irrelevant. If the tortfeasor's vehicle does not meet the definition of an underinsured motor vehicle in American Family's UIM endorsement, American Family reasons, UIM coverage does not apply and there can be no impermissible reducing clause.

¶ 20. We agree with the plaintiff. We first set forth an overview of UIM coverage. Next we examine our prior UIM cases upon which the parties rely. We then turn to Wis. Stat. § 632.32(4m), governing UIM coverage, and § 632.32(5)(i), governing reducing clauses in UIM policies. We conclude that American Family's definition of an underinsured motor vehicle is an invalid reducing clause under the facts of the instant case.

A

¶ 21. To put the present case in perspective we must examine the theory of UIM coverage adopted in Wisconsin and the validity of American Family's definition of an underinsured motor vehicle.

¶ 22. The statutes do not require or define UIM coverage. Section 632.32(4m)(d) provides that if an insured accepts UIM coverage, the insurer shall include coverage in limits of at least $50,000 per person and $100,000 per accident. In other words, once the insured buys a UIM policy the statute sets the minimum amount of coverage. Wisconsin Stat. § 632.32(4m)(d) provides in relevant part as follows:

> (d) If an insured who is notified under par. (a)1. accepts underinsured motorist coverage, the insurer shall include the coverage under the policy just delivered to the

insured in limits of at least $50,000 per person and $100,000 per accident. For any insured who accepts the coverage after notification under par. (a)2., the insurer shall include the coverage under the renewed policy in limits of at least $50,000 per person and $100,000 per accident.

¶ 23. The UIM endorsement under which the plaintiff was insured had limits of $300,000 per person and $300,000 per accident.

¶ 24. This court has identified two approaches to UIM coverage. Under one view, UIM coverage compensates an insured accident victim when the insured's damages exceed the recovery from the at-fault driver. The UIM coverage is for a set dollar amount above and beyond the liability limits of the at-fault driver. Under this view, UIM coverage operates as a separate fund, over and above the amount paid by the tortfeasor's insurance, available up to the limit of the UIM policy for the payment of the insured's uncompensated damages.[7]

¶ 25. According to this view, UIM coverage compares the dollar value of the damages suffered by the holder of the UIM policy to the amount the injured person is reimbursed by the tortfeasor. If the amount of the tortfeasor's reimbursement to the injured person is less than the injured person's damages, the UIM policy makes up the difference, up to the limit of that UIM policy.

---

[7] *State Farm Mut. Auto. Ins. Co. v. Langridge,* 2004 WI 113, ¶ 16, 275 Wis. 2d 35, 683 N.W.2d 75; *Badger Mut. Ins. Co. v. Schmitz,* 2002 WI 98, ¶ 17, 255 Wis. 2d 61, 647 N.W.2d 223; *Taylor v. Greatway Ins. Co.,* 2001 WI 93, ¶¶ 32–35, 245 Wis. 2d 134, 628 N.W.2d 916 (Bradley, J., dissenting); 3 Irwin E. Schermer & William J. Schermer, *Automobile Liability Insurance* § 40.01 (4th ed. 2004).

¶ 26. Under a second view of UIM coverage, UIM coverage is designed to put the insured in the same position he or she would have occupied had the tortfeasor's liability limits been the same as the UIM limits purchased by the insured. Under this "limits-to-limits" view, an insured purchases a predetermined, fixed level of insurance coverage made up of payments from both the at-fault driver's liability policy and the injured person's UIM policy.[8]

¶ 27. The cases have viewed Wis. Stat. § 632.32(4m) as allowing insurance companies to write policies adopting either the first or the second view of UIM coverage.[9] Accordingly, the definition of an under-insured motor vehicle contained in the American Family UIM policy in the present case, adopting the second view of UIM coverage, has been upheld and applied in a number of cases.

¶ 28. The plaintiff does not seek to disturb the limits-to-limits definition of an underinsured motor vehicle when the sole injured party recovers the entire

---

[8] *Langridge,* 275 Wis. 2d 35, ¶ 17 (quoting *Badger Mut. Ins. Co. v. Schmitz,* 2002 WI 98, ¶ 18, 255 Wis. 2d 61, 647 N.W.2d 223); *Badger Mut. Ins. Co. v. Schmitz,* 2002 WI 98, ¶ 33, 255 Wis. 2d 61, 647 N.W.2d 223 (quoting *Dowhower v. West Bend Mut. Ins. Co.,* 2000 WI 73, ¶ 17, 236 Wis. 2d 113, 613 N.W.2d 557).

*See Schmitz,* 255 Wis. 2d 61, ¶ 33 ("[T]he legislature made clear that the second theory of UIM coverage, in which the insured is purchasing a fixed amount of coverage, is not invalid per se.").

[9] *See, e.g., Langridge,* 275 Wis. 2d 35, ¶ 35; *Praefke v. Sentry Ins. Co.,* 2005 WI App 50, ¶¶ 7, 12–13, 279 Wis. 2d 325, 694 N.W.2d 442 (limits-to-limits coverage invokes the second view that UIM coverage "is a 'predetermined, fixed' sum made up of payments from both policies").

limit of liability of the at-fault driver. The issue the plaintiff presents is whether the limits-to-limits definition of an underinsured motor vehicle functions as an impermissible reducing clause when applied to multiple claimants covered under different UIM policies.

B

¶ 29. American Family contends that our prior cases control the outcome of the present case. These cases uphold the definition of an underinsured motor vehicle used in the American Family UIM policy in the present case.

¶ 30. In *Taylor v. Greatway Insurance Co.*[10] (which relies on *Smith v. Atlantic Mutual Insurance Co.*),[11] the policy (like the policy in the present case) defined an underinsured motor vehicle as a motor vehicle with liability limits less than the limits of liability provided for in the plaintiff's underinsured motorist policy.[12] The *Taylor* court held that the policy definition was unambiguous and that the injured per-

---

[10] *Taylor,* 245 Wis. 2d 134, ¶ 13 (citing *Smith v. Atlantic Mut. Ins. Co.,* 155 Wis. 2d 808, 811, 814, 456 N.W.2d 597 (1990)).

[11] *Smith v. Atlantic Mut. Ins. Co.,* 155 Wis. 2d 808, 811, 814, 456 N.W.2d 597 (1990).

In *Smith* the limit of the insured's UIM policy was $50,000 and the limit of the responsible person's liability policy was also $50,000. There was only one injured person in *Smith.* The UIM insured had available the full limits of the responsible person's liability policy and was paid the full limits of that policy.

[12] The definition of an underinsured motor vehicle in the underinsured motorist endorsement in the present case is identical to the definition at issue in the American Family policy issued in the *Taylor* case.

85

son was not entitled to underinsured motorist coverage because the tortfeasor's vehicle was not an underinsured vehicle as defined by the injured person's UIM policy; the limits of the underinsured motorist policy were identical to (not less than) the liability limits in the tortfeasor's policy.[13]

¶ 31. In the *Taylor* and *Smith* cases only one injured person was involved. The injured persons in *Taylor* and in *Smith* each received the full amount of the at-fault driver's insurance limit of liability. A limits-to-limits definition of an underinsured motor vehicle did not have the effect of reducing the coverage provided by the UIM policy in those cases.[14]

¶ 32. Thus, in *Taylor* and *Smith,* the sole injured person was reimbursed by the amount of the predetermined, fixed level of insurance provided in the UIM policy by payment from the at-fault driver's full limits of liability.

¶ 33. The plaintiff's predetermined, fixed level of insurance coverage in the present case under the UIM policy was $300,000, payable by either the tortfeasor's insurer, the plaintiff's UIM policy, or both. By virtue of the parties' stipulation in the present case, the plaintiff

[13] *Taylor,* 245 Wis. 2d 134, ¶ 28.

[14] Unlike the present case, in *Taylor* the insured did "not argue that any section, or combination of sections, in each UIM policy issued by American Family violate[d] Wis. Stat. § 631.43 or any other statute." *Taylor,* 245 Wis. 2d 134, ¶ 13. The issue in *Taylor* was whether a reasonable insured would understand the Greatway policy to be a limits-to-limits or limits-to-damages underinsured motorist policy. This case, on the other hand, addresses whether a limits-to-limits underinsured motorist policy is permissible when there are multiple claimants with separate UIM policies.

received only $250,000 of the tortfeasor's liability limit. Were we to accept American Family's argument, the plaintiff would not recover a predetermined, fixed level of insurance coverage.[15]

¶ 34. The tortfeasor's vehicle in the present case became underinsured because the tortfeasor's insurer made payments to injured persons other than the plaintiff. The tortfeasor's insurance company's payment to the plaintiff was less than the plaintiff's UIM limits. To put the plaintiff in the same position she would have been in had the tortfeasor's liability limits as to her been the same as the UIM limits she purchased, she must receive $50,000 from American Family to bring her recovery to $300,000.

¶ 35. Thus, the issue presented in the instant case is different from the one presented in *Taylor* and *Smith*. Because *Taylor* and *Smith* are distinguishable from the present case, those cases do not resolve the present dispute. *Taylor* is instructive, however, about the nature of UIM policies under the statute. A UIM policy must provide "a fixed level of UIM recovery that will be arrived at by combining payments made from all sources."[16]

---

[15] Under the circumstances of the present case, if American Family's position is adopted, the plaintiff would have been better off had the tortfeasor had no liability insurance. With liability limits for uninsured motorist coverage of at least $300,000 (the liability limit she purchased for underinsured motorist coverage), the plaintiff would have recovered $300,000 from her uninsured motorist policy with American Family had the tortfeasor had no liability insurance. Yet, under American Family's theory of the instant case, she recovers only $250,000 with UIM coverage and a partially insured tortfeasor. This result does not make any sense.

[16] *Taylor*, 245 Wis. 2d 134, ¶¶ 24–25 ("In *Dowhower*, we held that a reducing clause in an UIM policy is valid so long as

¶ 36. American Family also calls our attention to *State Farm Mutual Automobile Insurance Co. v. Langridge,* 2004 WI 113, 275 Wis. 2d 35, 683 N.W.2d 75, in which the court commented on the multiple-claimant situation in a way that American Family construes as favorable to it. In *Langridge,* the UIM policy provided "coverage for an insured when a tortfeasor becomes functionally underinsured by virtue of payments to others, in that the tortfeasor's remaining coverage to compensate the insured is less than the insured's own UIM limits."[17] Quoting Arnold P. Anderson's text, *Wisconsin Insurance Law* at 4.3(E)(4th ed. 1998), the *Langridge* court commented that in a UIM policy using American Family's definition of an underinsured motor vehicle, the " 'payment to other injured parties that reduces the coverage available to an insured below the UIM limits *will usually not trigger* UIM coverage.' "[18]

¶ 37. The same sentence appears in the 2004 version of the Anderson text, and the operative word in the sentence is obviously "usually." Anderson cites no Wisconsin case resolving the issue of payment to multiple claimants. Anderson notes that there is a division of authority on whether payment to other injured parties that reduces coverage available to an insured below the insured's UIM limits will trigger UIM coverage. When a policy or state statute defines an underin-

'the policy clearly sets forth that the insured is purchasing a fixed level of UIM recovery that will be arrived at by combining payments made from all sources.' . . . We conclude that the language in each of American Family's policies at issue satisfies the requirements of *Dowhower.*").

See also *Schmitz,* 255 Wis. 2d 61, ¶ 33.

[17] *Langridge,* 275 Wis. 2d 35, ¶ 35.

[18] *Langridge,* 275 Wis. 2d 35, ¶ 35 (emphasis in *Langridge,* not Anderson).

sured motor vehicle as the American Family policy does, cases seem to go both ways.[19]

¶ 38. Finally, American Family (and the decision of the court of appeals in the present case) relies on *Praefke v. Sentry Insurance Co.*, 2005 WI App 50, 279 Wis. 2d 325, 694 N.W.2d 442, a recent court of appeals case with facts similar to the present case. In *Praefke,* Roger Praefke was driving his own vehicle when he was seriously injured in an accident with a vehicle driven by Thomas Grandstaff, the sole negligent person. A passenger in Grandstaff's vehicle was killed.

¶ 39. Grandstaff's vehicle had a $100,000 liability policy; $75,000 was paid to Praefke and $25,000 to the estate of Grandstaff's deceased passenger. Praefke's UIM policy with Sentry Insurance provided $100,000 UIM limits of liability per person and a definition of an underinsured motor vehicle substantially similar to the definition at issue in the present case.

¶ 40. The court of appeals concluded that because Grandstaff's vehicle was not an underinsured motor vehicle under the terms of the UIM motorist policy, Praefke could not recover from Sentry Insurance.[20]

¶ 41. The court of appeals in *Praefke* did not consider whether Wis. Stat. § 632.32(4m) and (5)(i) rendered the policy definition of an underinsured motor

---

[19] *See, e.g.,* cases cited in 1 Arnold P. Anderson, *Wisconsin Insurance Law* § 4.31 (Dec. 2004); 3 Schermer & Schermer, *supra* note 7, § 40.10; 24 Eric Mills Holes, *Appleman on Insurance 2d* § 147.5[D] (2004); 3 Alan I. Widiss, *Uninsured and Underinsuerd Motorist Insurance* § 35.5 (rev. 2d ed. 2001); Lee R. Russ, Annotation, *Right to Recover Under Uninsured or Underinsured Motorist Insurance for Injuries Attributable to Joint Tortfeasors, One of Whom Is Insured,* 24 A.L.R. 4th 63, § 7 (1983) (Supp. 1999).

[20] *Praefke,* 279 Wis. 2d 325, ¶¶ 12–13.

vehicle an impermissible reducing clause.[21] The *Praefke* court never got beyond the definition of an underinsured motor vehicle. Accordingly, *Praefke* does not resolve the issue presented in the instant case with multiple claimants in which the plaintiff argues that the definition of an underinsured motor vehicle contravenes §§ 632.32(4m) and (5)(i) under the facts of the present case.[22]

---

[21] Praefke's brief argued that, when read as a whole, his policy was ambiguous as to whether the reducing clause included in his underinsured motorist endorsement applied to the underinsured motorist coverage. Nowhere in his court of appeals brief did Praefke argue that the definition of underinsured motorist itself constituted an impermissible reducing clause.

Praefke argued that because the purpose of UIM coverage is to provide a predetermined, fixed level of coverage, a reasonable insured would understand that the definition of an underinsured motor vehicle would operate to compare the UIM policy limits with the amounts actually paid by the at-fault driver's insurer.

[22] We disagree with the court of appeals' decision in the present case that *Praefke* is controlling. In *Praefke,* the court of appeals considered only whether the language of the policy definition of an underinsured motor vehicle was ambiguous. The court of appeals did not address the issue raised in the instant case but not raised in *Praefke:* whether the definition of an underinsured motor vehicle constitutes an impermissible reducing clause. We therefore need not overturn *Praefke.* It is limited to its holding that the limits-to-limits definition of an underinsured motorist was unambiguous in that case.

We note, however, that the court of appeals concluded in its second opinion on reconsideration of Opichka's case (*Welin v. Pyrzynski,* No. 2004AP2386, unpublished slip op. (Wis. Ct. App. June 16, 2005)) that the *Praefke* case did control Opichka's case (whose facts are substantially similar facts to those in the instant case), even though the *Praefke* court did not address the

¶ 42. The cases upon which American Family relies assist in our resolution of the issue presented in the instant case, but they do not resolve the instant case. These cases hold that the limits-to-limits definition of an underinsured motor vehicle in the policy should, under the UIM statute, be applied as written when one injured party recovers the full limits of the at-fault driver's liability policy. We therefore turn to Wis. Stat. § 632.32(5)(i), authorizing reducing clauses, to determine whether the limits-to-limits definition of an underinsured motor vehicle contravenes the statute under the circumstances of the present case.

## C

¶ 43. The plaintiff contends that American Family's definition of an underinsured motor vehicle under the circumstances of the present case constitutes

---

reducing clause argument. The court of appeals commented, however, that Opichka's arguments (which are similar to the plaintiff's arguments in the present case) were persuasive and suggested that courts and litigants would benefit from this court's review of those arguments. *See Welin v. Pyrzynski,* No. 2004AP2386, unpublished slip op. (Wis. Ct. App. June 16, 2005) (second opinion in Opichka's case).

The court of appeals in its first decision in Opichka's case determined that although *Taylor* controlled the interpretation of the policy language, *Taylor* did not address the relationship between the statutory purpose of underinsured motorist coverage, the reducing clause statute, and the multiple injured parties situation. The court of appeals concluded that the limits-to-limits definition of an underinsured motor vehicle, when there are two injured parties with separate UIM policies, functions as an impermissible reducing clause. *See Welin v. Pyrzynski,* No. 2004AP2386, unpublished slip op. (Wis. Ct. App. April 21, 2005) (first opinion in Opichka's case, withdrawn on motion for reconsideration May 17, 2005).

a hidden reducing clause and contravenes Wis. Stat. § 632.32(5)(i), which identifies the three permissible reducing clauses in a policy of uninsured or underinsured motorist coverage as follows:

> (i) A policy may provide that the limits under the policy for uninsured or underinsured motorist coverage for bodily injury or death resulting from any one accident shall be reduced by any of the following that apply:

> 1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

> 2. Amounts paid or payable under any worker's compensation law.

> 3. Amounts paid or payable under any disability benefits laws.

¶ 44. The only permissible reducing clause arguably applicable in the present case allowing a reduction of limits under a UIM policy is subdivision 1. of § 632.32(5)(i). Subdivision 1 allows an insurance policy to provide that the limits under the policy for UIM coverage for bodily injury resulting from any one accident may be reduced by the amounts paid by the insurer of the person who may be legally responsible for the bodily injury for which the payment is made. The definition of an underinsured motor vehicle is not listed under § 632.32(5)(i) as a permissible basis on which to reduce UIM limits.

¶ 45. American Family's UIM endorsement contains a reducing clause substantially incorporating the words of Wis. Stat. § 632.32(5)(i)1. The reducing clause states:

> The limits of liability of this coverage will be reduced by:

1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle.

¶ 46. The plaintiff argues that in the present case the effect of American Family's definition of an under-insured motor vehicle and its reducing clause is to permit the limits under her UIM policy for bodily injury (which are $300,000) to be reduced by $300,000 (the limits of the tortfeasor's liability), a sum larger than the amounts paid her by the tortfeasor's insurer, namely $250,000. This $300,000 reduction violates the very language of Wis. Stat. § 632.32(5)(i)1., which limits the reduction to the amounts paid by the tortfeasor's in-surer for the bodily injury for which the payment is made. Instead the American Family policy reduces the plaintiff's UIM coverage by the amount of the tortfeasor's liability limits. Furthermore, the UIM en-dorsement does not comply with the purpose of UIM limits-to-limits coverage under § 632.32(4m), that is, it does not furnish the UIM insured with a predeter-mined, fixed level of insurance coverage.

¶ 47. The legislative history of 1995 Wis. Act 21 (1995 Senate Bill 6) adopting Wis. Stat. § 632.32(5) demonstrates that the statute restricts reductions to the liability limits to amounts paid to the UIM insured. The Legislative Reference Bureau's Analysis of the bill explains that the purpose of subdivision 1. of Wis. Stat. § 632.32(5)(i) is to permit reducing clauses based on amounts received by an injured person covered by an uninsured or underinsured motorist policy from other sources, including amounts paid by a person legally responsible. The Legislative Reference Bureau's Analy-sis attached to the bill available to all legislators states:

The bill also permits motor vehicle insurance policies to reduce the limits payable under the policy for uninsured or underinsured motorist coverage by payments *received* from other sources. Payments for bodily injury or death may be reduced by amounts paid by a person who is legally responsible . . . .[23]

¶ 48. We must read Wis. Stat. § 632.32(5)(i) with § 632.32(4m). *Dowhower* and *Badger Mutual* are instructive, although in those cases the UIM coverage had been triggered and only the validity of the reducing clause was at issue. These cases help explain that the purpose of UIM coverage under Wis. Stat. § 632.32(4m), along with the application of Wis. Stat. § 632.32(5)(i) governing reducing clauses, renders the definition of an underinsured motor vehicle invalid in the present case.

¶ 49. We have explained numerous times that the insured's purpose in purchasing a UIM policy is to purchase a predetermined, fixed level of UIM recovery that is arrived at by combining payments from all sources.

¶ 50. The *Dowhower* case explained that when Wis. Stat. § 632.32(4m)(d) and (5)(i) are "read together, they provide that an insured, who is purchasing UIM coverage containing a provision such as that permitted by Wis. Stat. § 632.32(5)(i)1, is purchasing a predetermined level of coverage against injury sustained from

---

[23] Drafting Record for 1995 Wis. Act 21, re: S.B. 6, located at the Wisconsin Legislative Reference Bureau, Madison, Wis. (emphasis added). For a discussion of the Legislative Reference Bureau's analysis of bills, see *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 69, 271 Wis. 2d 633, 681 N.W.2d 110 (Abrahamson, C.J., concurring).

*See generally* 1 Anderson, *supra* note 19, §§ 3.47–.52 (discussing the reducing clause provisions of Wis. Stat. § 632.32(5)(i) enacted by 1995 Wis. Act 21).

an underinsured motorist. . . . In total, these statutes establish that the UIM coverage limit purchased by the insured is reached by the combination of contributions from all legally responsible sources."[24] In discussing the validity of a reducing clause, we stated in *Dowhower* (and quoted *Dowhower* with approval in *Taylor*) that a reducing clause in a UIM policy would be valid only if "the policy clearly sets forth that the insured is purchasing a fixed level of UIM recovery that will be arrived at by combining payments made from all sources."[25]

¶ 51. *Badger Mutual* emphasized that the purpose of underinsured motorist coverage is to permit a prudent insured to purchase a predetermined, fixed amount of coverage that he or she will receive (up to the damages incurred) from all available sources, including the tortfeasor's liability insurance and his or her own underinsured motorist policy.[26] We said in *Badger Mutual* that "[i]nsureds will then understand that if they want to be assured of having, say, $200,000 in total available coverage, they will have to purchase UIM coverage with a $200,000 limit."[27]

¶ 52. Our analysis of UIM coverage in these three cases reflects that the underlying purpose of the underinsured motorist statute is not to permit limits-to-limits coverage as such, but rather, to allow UIM policies that furnish an insured a predetermined, fixed level of coverage for an accident from a combination of the tortfeasor's insurance and the UIM insurance. When only one person is injured by the tortfeasor, comparing the tortfeasor's limits to the underinsured motorist

[24] *Dowhower,* 236 Wis. 2d 113, ¶ 20.

[25] *Id.,* ¶ 33. *See Taylor,* 245 Wis. 2d 134, ¶¶ 24–25.

[26] *Schmitz,* 255 Wis. 2d 61, ¶¶ 36–38.

[27] *Id.,* ¶ 38.

limits supports this statutory purpose. In *Badger Mutual, Dowhower,* and *Taylor* there was only one claimant. Were we to allow the plaintiff, under the circumstances of the present case, to receive a payment from the tortfeasor's insurer that is less than the plaintiff's UIM coverage and not have the plaintiff's UIM coverage be triggered, the plaintiff would not have purchased a predetermined, fixed level of $300,000 coverage from some combination of sources of payment. Furthermore, the plaintiff's recovery would be reduced by an amount not permitted under Wis. Stat. § 632.32(5)(i).

¶ 53. Considering that the injured persons had separate UIM policies, and considering the purpose of UIM insurance, the narrow statutorily permitted reducing clauses, and the language of the reducing clause in the plaintiff's policy, we conclude that this insurance policy defining an underinsured motor vehicle by comparing underinsured motorist coverage limits to the limits of a tortfeasor's liability policy without considering the amount actually available to the insured from the tortfeasor's liability policy contravenes the concept that the UIM insured purchases a predetermined, fixed amount of coverage and operates as a hidden reducing clause.

¶ 54. American Family argues that its definition of an underinsured motor vehicle is not a reducing clause; it is nothing more than an unambiguous definition of underinsured motorist coverage. American Family argues that reducing clauses under Wis. Stat. § 632.32(5)(i) have a known and accepted meaning. Reducing clauses in UIM policies reduce the limits of the UIM policy by amounts paid from accepted sources such as liability payments, worker's compensation payments, and disability payments. As such, American

Family argues, reducing clauses have a function that is separate and distinct from the triggering definition of UIM coverage.

¶ 55. We are not persuaded by American Family's argument. American Family's labeling a provision as a definition does not prevent us from analyzing the consequences of the provision to determine its validity.[28] A proper analysis of an insurance policy considers the effect of a provision in a policy, not its characterization in the policy.[29] Thus, in *Mau v. North Dakota Insurance Reserve Fund*, 2001 WI 134, ¶ 33, 248 Wis. 2d 1031, 637 N.W.2d 45, although an occupancy requirement was contained in the policy's definition of a "named insured" and was not stated as an exclusion, the definition produced the same result as an exclusion, and we treated it as an exclusion.

¶ 56. In the present case, the effect of American Family's definition of an underinsured motor vehicle as applied to the facts of the present case is to reduce UIM coverage to an insured when two or more persons covered by separate UIM policies are injured in a single occurrence. The definition of an underinsured motor

[28] *Mau v. North Dakota Ins. Reserve Fund*, 2001 WI 134, ¶ 33, 248 Wis. 2d 1031, 637 N.W.2d 45 ("Although the occupancy requirement is part of the definition of named insured, for our analysis, we treat the definition the same as an exclusion. The purpose of the occupancy requirement is to exclude coverage for persons not occupying the Alamo rental car. The occupancy requirement, therefore, produces the same result as an exclusion."). *But see* 1 Anderson, *supra* note 19, § 4.24 (suggesting that Wisconsin case law supports the proposition that if the policy is not triggered in the first place, one does not get to any reducing clause issues).

[29] *Klinger v. Prudential Prop. & Cas. Ins. Co.*, 2005 WI App 105, ¶ 16, 282 Wis. 2d 535, 700 N.W.2d 290.

vehicle does not provide the UIM insured with a predetermined, fixed UIM coverage and functions as a reducing clause, reducing UIM coverage provided to a UIM insured based not on payments to the insured but on payments made by the tortfeasor's insurance to other persons. Yet Wis. Stat. § 632.32(5)(i)1. permits reduction of limits of liability under UIM coverage only by amounts paid to the insured.

¶ 57. In sum, we conclude that the definition of an underinsured motor vehicle in the policy at issue functions, under the circumstances of the instant case, to reduce coverage below the predetermined, fixed amount of coverage purchased by the named insured. Because the reduction contravenes the purpose of UIM coverage and is not for amounts paid by a legally responsible person to the named insured, the provision is not authorized by Wis. Stat. § 632.32(4m) and (5)(i). We conclude that "tying the availability of UIM coverage to the amount of the tortfeasor's liability limits, even when a portion of those funds are paid to another claimant [who is not insured under the same UIM policy], is not consistent with any theory of UIM coverage that has been recognized by Wisconsin courts or approved by the legislature."[30]

D

¶ 58. Having concluded that the policy definition of an underinsured motor vehicle in the plaintiff's policy serves, under the circumstances of the instant

[30] *Welin v. Pyrzynski,* No. 2004AP2386, unpublished slip op., ¶ 24 (Wis. Ct. App. Apr. 21, 2005) (first *Opichka* opinion, withdrawn on motion for reconsideration May 17, 2005).

case, as an impermissible reducing clause, we must now turn to the remedy. Under Wis. Stat. § 631.15(3m), when an insurance policy violates a statutory provision, the remedy is to enforce the policy as though it conformed to the statutory requirement.[31]

¶ 59. In the present case, to conform to Wis. Stat. § 632.32(4m) and (5)(i)1., the plaintiff's policy must be read to define an underinsured motor vehicle as an insured motor vehicle whose limits of liability paid or payable to the plaintiff are less than the limits of liability in the plaintiff's UIM policy because the tortfeasor's insurer has made payments to another claimant who does not share the plaintiff's UIM coverage.

¶ 60. Under this definition, the tortfeasor's vehicle is underinsured because the tortfeasor's insurer has paid $250,000 to the plaintiff, which is less than the tortfeasor's limits of liability and less than the plaintiff's UIM policy's stated limits of $300,000. Thus, the plaintiff is able to recover $50,000 from American Family, the difference between her $300,000 UIM policy and the $250,000 recovered from the tortfeasor's liability policy.

\* \* \* \*

¶ 61. We conclude that when a tortfeasor injures more than one person in a single occurrence and the

---

[31] Wis. Stat. § 631.15 Contract rights under noncomplying policies.

(1) Enforcement of policy terms. Except as otherwise specifically provided by statute, a policy is enforceable against the insurer according to its terms, even if it exceeds the authority of the insurer.

(3m) Enforcement of statute and rule requirements. A policy that violates a statute or rule is enforceable against the insurer as if it conformed to the statute or rule.

99

injured persons are not insured under the same UIM policy, a definition of an underinsured motor vehicle that compares the injured person's UIM limits to the limits of a tortfeasor's liability policy without regard to the amount the injured person actually receives from the tortfeasor's insurer is invalid under Wis. Stat. § 632.32(4m) and (5)(i). The definition contravenes the purpose of UIM coverage under Wis. Stat. § 632.32(4m) and functions as an impermissible reducing clause when a tortfeasor injures more than one person in a single occurrence and the injured persons are not insured under the same UIM policy.

¶ 62. We further conclude that prior cases upholding similar definitions of an underinsured motor vehicle remain good law for the issues they reached but do not resolve the issue presented in the instant case. The prior cases, unlike the instant case, involved only one injured person and the injured person was paid the full amount of the tortfeasor's liability policy.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.