# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2020AP189

†Petition for review filed

Complete Title of Case:

**ACUITY, A MUTUAL INSURANCE CO.,**

**PLAINTIFF-RESPONDENT,**

**V.**

**ESTATE OF MICHAEL SHIMETA AND TERRY SCHERR,**

**DEFENDANTS-APPELLANTS,**

**PARTNERS MUTUAL INSURANCE CO.,**

**INTERVENING DEFENDANT.**

| | |
|---|---|
| Opinion Filed: | August 31, 2021 |
| Submitted on Briefs: | January 8, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Donald, P.J., Dugan and White, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendants-appellants, the cause was submitted on the briefs of *Brett A. Eckstein* and *Rachel E. Potter* of *Cannon & Dunphy, S.C.*. in Brookfield. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Stuart R. Deardorff, Christine M. Rice*, and *Nicole R. Radler* of *Simpson & Deardorff, S.C.*, in Milwaukee. |

2021 WI App 64

COURT OF APPEALS
DECISION
DATED AND FILED

August 31, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP189**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV5402

IN COURT OF APPEALS

ACUITY, A MUTUAL INSURANCE CO.,

PLAINTIFF-RESPONDENT,

V.

ESTATE OF MICHAEL SHIMETA AND TERRY SCHERR,

DEFENDANTS-APPELLANTS,

PARTNERS MUTUAL INSURANCE CO.,

INTERVENING DEFENDANT.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Reversed and cause remanded*.

Before Donald, P.J., Dugan and White, JJ.

¶1      DUGAN, J.   The Estate of Michael Shimeta and Terry Scherr appeal an order denying their motion for judgment on the pleadings and granting Acuity, a Mutual Insurance Co.'s motion for declaratory judgment.[1]  The Estate and Scherr argue that they are each entitled to an additional $250,000 payment pursuant to the Underinsured Motorists Coverage (UIM Coverage) in the policy that Shimeta had with Acuity.  We agree and, thus, we reverse the order of the circuit court and remand for further proceedings consistent with this court's decision.

## BACKGROUND

¶2      This case arises out of an automobile accident that occurred on November 22, 2018, that resulted in Shimeta's death and serious injuries to Scherr. As the parties describe, the accident occurred when Douglas Curley lost control of his Dodge Ram pickup truck, crossed the median on U.S. Highway 10 in the Town of Amherst, became airborne, and landed on top of Shimeta's Jeep Cherokee. Shimeta was driving his Cherokee, and Scherr was a passenger in the front seat.

¶3      Curley had insurance coverage through Farmers Insurance Company. Curley's insurance coverage provided for a $250,000 limit of liability "per person" and a $500,000 limit of liability "per accident," and the Estate and Scherr each received a payment of $250,000 from Curley's insurance provider in accordance with Farmers' policy.  As stipulated by the parties, the combined damages sustained by the Estate and Scherr equal or exceed $1 million in total value.

---

[1] Partners Mutual Insurance Co. filed a motion to intervene as a result of insurance coverage that it provides to Scherr.  However, Partners is not a party to this appeal, and this appeal does not resolve the declaratory judgment action that it filed against Scherr.

¶4      Shimeta had insurance coverage through Acuity.[2] On the declarations page of the policy, the limits of liability for the underinsured motorist coverage on Shimeta's Cherokee are listed as $500,000 for "Each Person" and $500,000 for "Each Accident."

¶5      The policy then contains an attachment labeled "Wisconsin Uninsured/Underinsured Motorists Endorsement" that provides additional explanation of the coverage listed on the declarations page.   Part IV of this endorsement pertaining to underinsured motorists provides:

> We will pay damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**.  **Bodily injury** must be sustained by an **insured person** and must be caused by accident and result from the ownership, maintenance or use of the **underinsured motor vehicle**.

An underinsured motor vehicle is then defined as "a land motor vehicle or trailer for which a bodily injury liability bond or policy applies at the time of the accident, but its limit for bodily injury liability is … [l]ess than the limit of liability for this coverage[.]"

¶6      In the section entitled "Limits of Liability," the policy then provides:

> 1.  The Limit of Liability shown in the Declarations for each person for Underinsured Motorists coverage is **our** maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident.  Subject to this limit for each person, the Limit of Liability shown in the Declarations for each accident for Underinsured Motorists coverage is **our** maximum

---

[2] There is no dispute that Shimeta is covered by the policy through Acuity.  Similarly, there is no dispute that Scherr qualifies as an insured under Shimeta's policy as a result of Scherr being a passenger in the Cherokee at the time of the accident and the definition of an insured person including "[a]ny other person occupying your insured car."  The dispute rests solely on the coverage provided under the policy for the Estate and Scherr.

limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most **we** will pay regardless of the number of:

    a. **Insured persons**;

    b. Claims made;

    c. Vehicles or premiums shown in the Declarations; or

    d. Vehicles involved in the accident.

2. The limit of liability shall be reduced by all sums:

    a. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible.

This part of the policy is commonly referred to as the "reducing clause," and it is the operation of this part of the policy that the parties focus on.

¶7    On July 16, 2019, Acuity filed an action for declaratory judgment pursuant to WIS. STAT. § 806.04 (2019-20),[3] seeking a declaration that "Acuity has no duty to pay underinsured motorist benefits as a result of the motor vehicle accident." In its complaint Acuity alleged that, "there is no remaining underinsured motorist coverage under the Acuity policy because any such benefits must be reduced by 'all sums' paid by the tortfeasor's insurer ($500,000) with respect to this accident."

¶8    The Estate and Scherr filed an answer and motion for judgment on the pleadings on August 16, 2019.[4] In the motion for judgment on the pleadings, the Estate and Scherr argued that "each defendant is separately owed $250,000 in

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[4] Partners joined in the Estate and Scherr's motion for judgment on the pleadings.

4

additional UIM coverage under Acuity's policy." Acuity filed a cross-motion for declaratory judgment on September 12, 2019, asking for the court to issue an order declaring that "Acuity has no duty to pay underinsured motorist benefits as a result of the motor vehicle accident."

¶9 The circuit court granted Acuity's motion and denied the motion filed by the Estate and Scherr saying:

> The language in the contract is clear. Regardless of the number of injured persons, the maximum limit of UIM coverage remains the same ($500,000). Additionally, the reducing clause makes clear that Acuity will not make payments that duplicate payments made by or on behalf of those parties legally responsible for the accident. As such, given that $500,000 has been paid out on behalf of the legally responsible party, Acuity is under no obligation to make further payments under its UIM coverage….

¶10 This appeal follows.

## DISCUSSION

¶11 On appeal, the parties raise the same arguments regarding UIM coverage in which the Estate and Scherr argue that they are each entitled to an additional $250,000 payment under Shimeta's policy with Acuity, and Acuity argues that there is no additional UIM coverage under Shimeta's policy that entitles the Estate and Scherr to additional payment. At its core, this case presents a dispute over the interpretation of the policy's reducing clause where the Estate and Scherr argue that the reducing clause operates to reduce the per person limit on an individual insured basis. Acuity, on the other hand, argues that the policy is for a "predetermined fixed sum" of coverage and the reducing clause allows it to aggregate the payments made to the Estate and Scherr and apply those payments to reduce the per accident limit.

¶12     "The interpretation of the language in an insurance policy presents a question of law, which this court reviews independently." *Marnholtz v. Church Mut. Ins. Co.*, 2012 WI App 53, ¶10, 341 Wis. 2d 478, 815 N.W.2d 708.  "We first look to the language of the agreement." *Id.*  If the language is unambiguous, we apply the language as it is written. *Id.*  "[I]f the word or phrase is reasonably susceptible to more than one interpretation," the language is considered ambiguous, and we resolve any ambiguity "against the insurer and in favor of the insured seeking coverage." *Id.*  Overall, the interpretation of language in an insurance policy "should advance the insured's reasonable expectations of coverage." *Id.* (citation omitted).

¶13     There are two main approaches to UIM coverage.  *See Welin v. American Fam. Mut. Ins. Co.*, 2006 WI 81, ¶24, 292 Wis. 2d 73, 717 N.W.2d 690.  Under the first approach, UIM coverage "operates as a separate fund, over and above the amount paid by the tortfeasor's insurance" that "compensates an insured accident victim when the insured's damages exceed the recovery from the at-fault driver." *Id.*  Under the second approach, UIM coverage "is designed to put the insured in the same position he or she would have occupied had the tortfeasor's liability limits been the same as the UIM limits purchased by the insured." *Id.*, ¶26.  This second approach to UIM coverage has been referred to as a "limits-to-limits" approach wherein the insured purchases "a predetermined, fixed level of insurance coverage." *Id.*

¶14     The Estate and Scherr argue that the language in the policy's UIM section creates a reasonable expectation that coverage is evaluated on an individual insured basis and that the reducing clause operates to reduce the per person limit on an individual insured basis.  More specifically, the Estate and Scherr argue that the limit of liability reduced by all sums paid is the $500,000 "Each Person" limit found

on the declarations page, and the reduction to the per person limit is made on an individual insured basis.

¶15    Acuity argues that the policy provides a "predetermined, fixed level" of insurance coverage and argues that the Estate and Scherr are in the exact same position they would be in had they only sought coverage under Shimeta's policy with Acuity.  In other words, Acuity argues that the reducing clause allows it to aggregate the payments made by the Estate and Scherr in determining "all sums" paid and reduce the per accident limit by that amount.

¶16    We agree with the Estate and Scherr, and we conclude that the reducing clause applies to reduce the per person limit of liability by "all sums" paid and the reductions to the per person limit are made on an individual insured basis. Thus, we conclude that Acuity impermissibly aggregated the payments to the Estate and Scherr to eliminate UIM coverage.

¶17    In reaching this conclusion, we look to the language of the policy, and we start with the language of the reducing clause at issue here.  *See **Badger Mut. Ins. Co. v. Schmitz***, 2002 WI 98, ¶¶60-61, 255 Wis. 2d 61, 647 N.W.2d 223.  "A reducing clause permits a setoff from the insured's UIM coverage the amount paid to the insured by the underinsured tortfeasor."  ***Dowhower ex rel. Rosenberg v. West Bend Mut. Ins. Co.***, 2000 WI 73, ¶1, 236 Wis. 2d 113, 613 N.W.2d 557; *see also* WIS. STAT. § 632.32(5)(i).  In this case, the reducing clause allows Acuity to reduce the "limit of liability … by all sums … [p]aid because of the bodily injury." The policy does not state whether the limit of liability referenced here is the "Each Person" or "Each Accident" limit of liability or how the limit of liability is reduced. Looking to the policy as a whole, however, it is clear that the limit of liability being reduced is the per person limit of liability, and the sums are reduced on an individual

insured basis.  *C.f. **Teschendorf v. State Farm Ins. Cos.***, 2006 WI 89, ¶78, 293 Wis. 2d 123, 717 N.W.2d 258 (Prosser, J., concurring) (noting that "the reasonable expectation of an insured" would be that "reductions in uninsured policy limits would be based on payments made to or on behalf of the insured, the insured's heirs, or the insured's estate").

¶18    The language of the reducing clause says that "[t]he limit of liability" is reduced by the sums paid "because of *the bodily injury*."  (Emphasis added.)  The policy's use of "the" and "bodily injury" in the singular indicates that it operates on a per insured, or individual insured, basis.  Further, the policy defines "bodily injury" in the singular when it defines bodily injury as "bodily injury to or sickness, disease or death of a person" and, thus, the policy is again phrased on a per insured basis.

¶19    Additionally, the statement of UIM coverage provided in the policy creates an expectation that the coverage applies on an individual insured basis when it states that it applies to pay damages for "bodily injury" to "an insured person." Likewise, the definition of underinsured motor vehicle creates an expectation that coverage applies on an individual insured basis because it defines an underinsured motor vehicle by comparing the limits for bodily injury liability, which are also known as the per person limits of liability.  *See **Filing v. Commercial Union Midwest Ins. Co.***, 217 Wis. 2d 640, 650, 579 N.W.2d 65 (Ct. App. 1998) ("With this understanding, an insured's objectively reasonable expectation is that the phrase 'limit for bodily injury liability' means the per person limit of a tortfeasor's liability policy.").  Again, these parts of the policy trigger UIM coverage that operates on an individual insured basis, applying to one insured at a time for that insured's bodily injury.

¶20 By contrast, the reducing clause does not state that the limit of liability is reduced by sums paid for *all* bodily injuries, nor does the policy define bodily injury in the plural as injuries, sickness, diseases, or death of *all* persons, such that a person reading the policy would be led to believe that the reducing clause takes into account all injuries resulting from an accident when the reduction to the limit of liability is made. "Defined terms play a large role in bounding the scope of a policy's coverage." *State Farm Mut. Auto. Ins. Co. v. Langridge*, 2004 WI 113, ¶19, 275 Wis. 2d 35, 683 N.W.2d 75. Therefore, because the reducing clause states that the limits of liability are reduced by sums paid for "the bodily injury" and the definition of "bodily injury" are phrased in terms of the injuries to one person, the expectation is that the limit of liability is reduced by the sum paid for one person's injuries on an individual insured basis.

¶21 As it would apply in this case, the coverage provided in Shimeta's policy with Acuity applies to the Estate and to Scherr on an individual basis for the individual bodily injury suffered and then allows Acuity to reduce the per person limit by the sums paid to that insured for his or her bodily injury. In this case, this results in a reduction of the $500,000 Each Person limit of liability for each insured by the $250,000 payment made to that insured, with the result being that both the Estate and Scherr each have a total of $250,000 of coverage remaining on the per person limit of liability and each are entitled to additional payment under the policy.

¶22 In opposition, Acuity focuses on the type of UIM coverage provided and argues that such an interpretation is "a strained construction" that transforms the "predetermined, fixed level" coverage purchased by Shimeta into "excess coverage." Acuity contends that the Estate and Scherr each received payment in the amount that would have been provided had the Estate and Scherr only sought coverage under the policy with Acuity and, thus, the purpose behind the type of

UIM coverage purchased has been fulfilled. We disagree because the policy makes the per person limit of liability "subject to" the per accident limit of liability and Acuity will ultimately not pay more than the per accident limit of liability provided in the policy.[5]

¶23     Reducing the per person limit of liability on an individual insured basis results in a reduction of the $500,000 per person limit of liability for the Estate by the $250,000 payment made to the Estate and a reduction of the $500,000 per person limit of liability for Scherr by the $250,000 payment made to Scherr. The Estate and Scherr each then have an additional $250,000 of coverage under the per person limit of liability, which added together, amounts to $500,000 remaining for the accident. After making an additional $250,000 payment to each, the Estate and Scherr, to meet the per person limit of liability, Acuity will not pay more than the per accident limit of $500,000. As stated in the Limits of Liability section, the $500,000 per accident limit of liability is Acuity's maximum limit of liability and it

---

[5] Citing to **Welin v. American Family Mutual Insurance Co.**, 2006 WI 81, 292 Wis. 2d 73, 717 N.W.2d 690, Acuity argues that the rule is "that those insured under the same UIM policy must share the 'predetermined, fixed sum' that was purchased.'" **Welin**, however, does not apply. Our supreme court explicitly stated, "We do not address the situation in which the injured persons are insured under the same UIM policy." **Id.**, ¶8 n.2. The situation we address here today involves injured persons insured under the same UIM policy and, thus, it falls into the situation that was explicitly not addressed in **Welin**.

We similarly find Acuity's argument that Wisconsin courts have construed the "subject to" language without finding any perceived latent ambiguity unpersuasive. Neither case cited by Acuity presents the issue we address today, namely how UIM coverage and the reducing clause operates with two insureds under the same UIM policy with per person and per accident limits of liability. See **Badger Mut. Ins. Co. v. Schmitz**, 2002 WI 98, ¶¶8, 61, 255 Wis. 2d 61, 647 N.W.2d 223 (concluding that the policy as a whole, and a coverage form in particular, rendered an otherwise clear reducing clause ambiguous); **Commercial Union Midwest Ins. Co. v. Vorbeck**, 2004 WI App 11, ¶¶39, 41, 269 Wis. 2d 204, 674 N.W.2d 665 (concluding only that the policy was unambiguous that an insured's recovery could be reduced pursuant to a reducing clause).

is the most that Acuity will pay. Consequently, the Estate and Scherr are able to each reach the per person limit of liability provided in Shimeta's policy with Acuity and the per accident limit of liability remains intact.[6]

## CONCLUSION

¶24     In sum, we conclude that the language of the reducing clause applies to first reduce the per person limit of liability in Shimeta's policy with Acuity and the UIM coverage operates on an individual basis such that Acuity cannot aggregate the payments made to the Estate and Scherr to eliminate UIM coverage. Accordingly, we reverse the order of the circuit court and remand for further proceedings consistent with this court's decision.

*By the Court.*—Order reversed and cause remanded for further proceedings.

---

[6] In addition to arguing that the UIM coverage unambiguously operates on an individual insured basis to reduce the per person limit of liability, the Estate and Scherr advance arguments that the policy is ambiguous and that Acuity's interpretation is prohibited by WIS. STAT. § 632.32(5)(i). Having concluded that the policy plainly provides coverage in this situation to the Estate and Scherr, we do not reach the additional arguments regarding any ambiguity in the policy or if § 632.32(5)(i) prohibits a reducing clause that would deny coverage in this case.