COURT OF APPEALS
DECISION
DATED AND FILED

May 4, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1757**

Cir. Ct. No. **2017CV789**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

PEOPLES STATE BANK,

  PLAINTIFF-RESPONDENT,

 V.

DEBRA K. MCCARTY,

  DEFENDANT,

JULIE A. PILECKY,

  DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Marathon County: GREGORY E. GRAU, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

¶1  STARK, P.J.  Peoples State Bank ("the Bank") was granted a foreclosure judgment on a piece of commercial property owned by Debra McCarty.

That property benefitted from a parking easement on adjacent residential property owned by Julie Pilecky. The sole issue on appeal is whether the foreclosure judgment—which did not reference either the parking easement specifically or easements in general—foreclosed McCarty's interest in the parking easement, such that the parking easement continued to benefit the subject property after the Bank purchased that property at a sheriff's sale.

¶2 Pilecky argues that under the plain language of WIS. STAT. § 846.10(1) (2019-20),[1] the lack of any reference to the parking easement in the foreclosure judgment means that the foreclosed property did not include the parking easement. In response, the Bank asserts that although § 846.10(1) requires a foreclosure judgment to include a legal description of the foreclosed property, it does not require a foreclosure judgment to describe or otherwise reference any easements appurtenant to that property. The Bank further argues that other Wisconsin statutes and case law provide that appurtenant easements run with the dominant estate and need not be specifically described in a conveyance in order to be included with the property conveyed or transferred.

¶3 We agree with the Bank that the foreclosed property in this case included the parking easement, which was appurtenant to McCarty's property, even though the foreclosure judgment did not mention either the parking easement specifically or easements in general. We therefore affirm the circuit court's decision granting summary judgment in favor of the Bank on its claims for declaratory judgment and slander of title, and on Pilecky's counterclaim for abuse of process.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

**BACKGROUND**

¶4    In 1999, McCarty purchased a piece of commercial property located on Sixth Street in Wausau. McCarty's deed included a parking easement over a neighboring residential property owned by Pilecky. The deed provided that the parking easement "shall be perpetual and run with the land."

¶5    McCarty's purchase of the Sixth Street property was financed by a note and mortgage from the Bank. The mortgage contained a legal description of the Sixth Street property and also stated that the mortgaged premises included "all … easements and appurtenances." The 1999 mortgage was refinanced in 2001, and the 2001 mortgage likewise stated that the mortgaged premises included "all … easements and appurtenances."

¶6    In 2007, McCarty defaulted on the 2001 mortgage, and the Bank initiated foreclosure proceedings. Both the foreclosure complaint and a lis pendens filed by the Bank included a legal description of the Sixth Street property, but they did not include a legal description of the parking easement or any other specific reference to that easement. In addition, unlike the mortgages, neither the foreclosure complaint nor the lis pendens included a general reference to "all … easements and appurtenances" for the Sixth Street property.

¶7    A foreclosure judgment was entered in July 2007. Again, the foreclosure judgment included a legal description of the Sixth Street property, but it did not include a legal description of the parking easement, any other specific reference to the parking easement, or any reference to easements in general. McCarty subsequently filed for bankruptcy, and the parties also entered into various forbearance agreements. A sheriff's sale ultimately took place on June 20, 2017, and the Bank was the winning bidder.

¶8 Following the sheriff's sale, but before the confirmation hearing, McCarty and Pilecky executed a document entitled "Termination Agreement and Termination of Easement," which stated that the parking easement was terminated and that McCarty released any rights she may have had under the easement. The termination agreement was recorded with the Marathon County Register of Deeds on June 29, 2017. The Bank asserts, and McCarty does not dispute, that McCarty and Pilecky did not inform the Bank of the termination agreement or seek the Bank's consent to terminate the parking easement.

¶9 A confirmation hearing took place on August 15, 2017, after which the circuit court entered an order confirming the sale of the Sixth Street property to the Bank. Both the order confirming sale and the sheriff's deed included a legal description of the Sixth Street property, but neither of those documents included a legal description of the parking easement or otherwise referred either to the parking easement specifically or to easements in general.

¶10 McCarty and Pilecky later re-executed and rerecorded the termination agreement. At some point, the Bank learned of the termination agreement and demanded that Pilecky cancel it, but she refused to do so. The Bank then filed the instant lawsuit against McCarty and Pilecky, asserting two claims. First, the Bank sought a declaratory judgment that the parking easement "remain[ed] a valid legal appurtenance" to the Sixth Street property and was "included in the foreclosed property." Second, the Bank asserted a claim for slander of title. Pilecky answered the Bank's complaint and asserted a counterclaim for abuse of process.

¶11 Pilecky and the Bank ultimately filed cross-motions for summary judgment. None of the material facts were disputed. The sole issue was whether the foreclosure judgment encompassed the parking easement such that the sheriff's

deed transferred the parking easement to the Bank, thereby rendering McCarty and Pilecky's attempts to terminate the parking easement invalid.

¶12     On April 5, 2019, the circuit court issued a written decision granting the Bank's summary judgment motion and denying Pilecky's motion.[2]  The court reasoned that the parking easement was an appurtenant easement and was therefore "annexed (or attached) to the benefitted parcel, which is also called the dominant estate"—i.e., the Sixth Street property.  Citing several Wisconsin cases, the court then stated that because an appurtenant easement is part of the dominant estate, it is "transferred along with that estate" and "follows the rest of the dominant estate regardless of whether it is specifically mentioned" in a conveyance.  Accordingly, the court held that the parking easement

> was part of the property that was encumbered by the mortgages that the Bank eventually foreclosed upon, and it followed the rest of the dominant estate into the sheriff's sale and was conveyed by the subsequent sheriff's deed.  At no point did the easement get left behind.  The fact that the easement was specifically referenced in the mortgages but not the sheriff's deed does not matter.  The easement followed the dominant estate "without express mention in the conveyance."

(Footnote and citation omitted.)

¶13     The circuit court therefore "declare[d] that the easement remains a part of the dominant estate, despite the fact that the sheriff's deed did not specifically mention it."  As a result, the court also declared that the termination agreements were void.  The court further concluded that the Bank had prevailed on its slander

---

[2] The Honorable Jill N. Falstad issued the written decision on the parties' summary judgment motions.  Judge Falstad also denied Pilecky's subsequent motion for reconsideration of the court's summary judgment decision.

of title claim because McCarty and Pilecky "should have known that their attempts to terminate the easement were contrary to Wisconsin law and were therefore frivolous." Finally, the court concluded that Pilecky's abuse of process counterclaim lacked merit, as the Bank's claim that it owned the easement was meritorious and thus was not brought for an improper purpose.

¶14 Pilecky moved for reconsideration of the circuit court's summary judgment decision. She argued the court made a manifest error of law when it failed to consider the fact that the parking easement was not mentioned in the foreclosure judgment, as opposed to the sheriff's deed. Because the foreclosure judgment did not mention the easement, Pilecky asserted the easement "was never foreclosed" and therefore "could not have remained part of the dominant estate."

¶15 The circuit court denied Pilecky's reconsideration motion, stating that under the applicable case law, "neither the foreclosure judgment nor the sheriff's deed needed to mention the easement, any more than they needed to mention any buildings standing upon the property. As a matter of law, the easement is part of the premises described in the foreclosure judgment." The court subsequently entered a judgment awarding the Bank $20,749.73 in damages on its slander of title claim,[3] and Pilecky now appeals.

## DISCUSSION

¶16 We independently review a grant of summary judgment, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate if there is no

---

[3] The Honorable Gregory E. Grau entered the final judgment awarding damages to the Bank.

6

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). In this case, the parties do not dispute any of the material facts, and the sole issue on appeal concerns the proper interpretation and application of Wisconsin statutes and case law. The interpretation and application of statutes and case law to undisputed facts are questions of law that we review independently. *Welin v. American Fam. Mut. Ins. Co.*, 2006 WI 81, ¶16, 292 Wis. 2d 73, 717 N.W.2d 690.

¶17 On appeal, Pilecky renews her argument that the circuit court erred by granting the Bank summary judgment because the foreclosure judgment did not include a legal description of the parking easement, any other specific reference to the parking easement, or any reference to easements in general.[4] Pilecky therefore claims that the foreclosure judgment did not encompass the parking easement and instead foreclosed only McCarty's interest in the Sixth Street property itself. As a result, Pilecky asserts that McCarty retained ownership of the parking easement, and the parking easement did not pass to the Bank via the sheriff's deed.[5] Consequently, Pilecky claims that McCarty retained the authority to terminate the parking easement, and the termination agreements were therefore valid and enforceable.

---

[4] Pilecky clarifies that she is not arguing the parking easement had to be "specifically mentioned" in the foreclosure judgment. Instead, she asserts it would have been sufficient for the foreclosure judgment to include general language such as "together with all easements" following the legal description of the Sixth Street property.

[5] Pilecky observes that the sheriff's deed also lacked any reference to the parking easement or to easements in general. She asserts, however, that the lack of such references in the foreclosure judgment is the dispositive factor, as the sheriff's deed could convey only the property interests that were actually included in the foreclosure judgment.

¶18     Pilecky's argument in this regard rests in large part on WIS. STAT. § 846.10(1), which states in relevant part: "If the plaintiff [in a foreclosure action] recovers[,] *the judgment shall describe the mortgaged premises* and fix the amount of the mortgage debt then due." (Emphasis added.) Based on that language, Pilecky argues that the property foreclosed in a particular case is limited to the premises described in the foreclosure judgment. Because the foreclosure judgment in this case did not make any reference to the parking easement, Pilecky contends the parking easement was not part of the foreclosed property.

¶19     Pilecky argues that two other statutes further support this conclusion. First, she cites WIS. STAT. § 806.01(1)(b), a civil procedure statute stating in part that each judgment "shall specify the relief granted." Pilecky contends that in this case, the foreclosure judgment did not specify that it was granting any relief related to the parking easement.

¶20     Second, Pilecky cites the lis pendens statute, WIS. STAT. § 840.10, which provides:

> In an action where relief is demanded affecting described real property which relief might confirm or change interests in the real property, after the filing of the complaint the plaintiff shall present for filing or recording in the office of the register of deeds of each county where any part thereof is situated, a lis pendens containing the names of the parties, the object of the action *and a description of the land in that county affected thereby*.

Sec. 840.10(1)(a) (emphasis added). Pilecky asserts it is undisputed that § 840.10(1)(a) "requires a lis pendens to be filed in a foreclosure case," and it is further undisputed that the lis pendens filed by the Bank did not include any reference to the parking easement. She therefore contends that "[p]roperly applying

8

[§] 840.10 to the undisputed facts" compels a conclusion that the parking easement "was never foreclosed."

¶21    In response, the Bank argues that while the statutes Pilecky cites require a foreclosure judgment and a lis pendens to include a description of the mortgaged premises, nothing in those statutes requires either a foreclosure judgment, a lis pendens, or a sheriff's deed to include a description of—or any other reference to—any easements appurtenant to the mortgaged premises. The Bank further argues that other Wisconsin statutes and cases expressly provide that appurtenant easements are automatically transferred along with the dominant estate and need not be specifically mentioned in the instrument of transfer. The Bank contends that under those statutes and cases, the parking easement was transferred to the Bank along with the Sixth Street property via the sheriff's deed, even though neither the foreclosure judgment nor the sheriff's deed made any reference to the parking easement.

¶22    We agree with the Bank. To begin, we observe that an easement may be either appurtenant or in gross. *Borek Cranberry Marsh, Inc. v. Jackson Cnty.*, 2010 WI 95, ¶14, 328 Wis. 2d 613, 785 N.W.2d 615. An appurtenant easement "ties the rights or obligations of a servitude to ownership or occupancy of the land, and thus it is transferred with the land." *Id.* In contrast, an easement in gross "does not tie the benefits or burdens of a servitude to the land, and may be personal or transferable." *Id.* Here, it is undisputed that the parking easement is an appurtenant easement. Thus, the rights conferred by the parking easement are tied to the ownership or occupancy of the Sixth Street property and are not personal to McCarty.

9

¶23    In a foreclosure action, WIS. STAT. §§ 846.10(1) and 840.10(1)(a) clearly require a foreclosure judgment and a lis pendens to include a description of the mortgaged premises.  Neither of those statutes, however, expressly requires that a foreclosure judgment or lis pendens include a legal description of, or any other reference to, any easements appurtenant to the mortgaged premises.  Nor is such a requirement imposed by the plain language of WIS. STAT. § 806.01(1)(b)—which merely states that a judgment shall specify the relief granted.

¶24    Moreover, as the Bank correctly asserts, reading the statutes Pilecky cites as requiring a foreclosure judgment to reference easements appurtenant to the mortgaged premises would be inconsistent with other Wisconsin statutes and case law.  WISCONSIN STAT. ch. 706 pertains to conveyances of real estate.  WISCONSIN STAT. § 706.10(3) states:  "In conveyances of lands words of inheritance shall not be necessary to create or convey a fee, and *every conveyance shall pass all the estate or interest of the grantor unless a different intent shall appear expressly or by necessary implication in the terms of such conveyance*."  (Emphasis added.)  In **Borek**, our supreme court held that § 706.10(3) applies to easements.  **Borek**, 328 Wis. 2d 613, ¶¶17-23.  Here, neither the foreclosure judgment nor the sheriff's deed—either expressly or by necessary implication—evidences an intent that the parking easement would not pass to the Bank and would instead be retained by McCarty.  We therefore agree with the Bank that under § 706.10(3), the foreclosure judgment and sheriff's deed passed McCarty's entire interest in the Sixth Street property to the Bank, including the appurtenant rights under the parking easement.

¶25    WISCONSIN STAT. § 706.10(4), in turn, provides that a quitclaim deed "*shall pass all of the interest in or appurtenant to the land described which the grantor could lawfully convey*, but shall not warrant or imply the existence, quantity or quality of any such interest."  (Emphasis added.)  Pilecky concedes that a sheriff's

deed is a type of quitclaim deed. Thus, under § 706.10(4), the sheriff's deed transferred to the Bank all of the interest in the Sixth Street property that McCarty could lawfully convey, which included the parking easement.

¶26 Wisconsin case law confirms that a conveyance need not expressly mention an appurtenant easement in order to convey that easement to the grantee. In *Krepel v. Darnell*, 165 Wis. 2d 235, 245, 477 N.W.2d 333 (Ct. App. 1991), this court recognized that "[a]n easement passes by a subsequent conveyance of the dominant estate without express mention in the conveyance." Thereafter, in *Gojmerac v. Mahn*, 2002 WI App 22, ¶25, 250 Wis. 2d 1, 640 N.W.2d 178 (2001), we similarly stated that an appurtenant easement "follows every part of the estate into the hands of those who purchase or inherit the estate" and "passes by a subsequent conveyance of the dominant estate without express mention in the conveyance." Under these cases, the fact that the foreclosure judgment and sheriff's deed did not mention the parking easement, or easements in general, is immaterial. The sheriff's deed passed McCarty's entire interest in the Sixth Street property to the Bank. That interest included the parking easement, which was not personal to McCarty but was instead appurtenant to the Sixth Street property.

¶27 Pilecky argues that the cases cited above, along with WIS. STAT. § 706.10(3) and (4), apply only to property that is sold or inherited and do not apply to property that is transferred via foreclosure proceedings. Pilecky argues that in foreclosure proceedings, WIS. STAT. §§ 846.10 and 806.01 instead define the property that is foreclosed. We have already concluded, however, that neither § 846.10 nor § 806.01 requires a foreclosure judgment to include a description of an easement appurtenant to the mortgaged premises or any other reference to such an easement. Those statutes merely require a foreclosure judgment to contain a description of the mortgaged premises—here, the Sixth Street property. Pursuant

to the cases cited above, along with § 706.10(3) and (4), the sheriff's deed in this case conveyed both the Sixth Street property and the appurtenant parking easement to the Bank, even though the parking easement was not specifically referenced in the sheriff's deed or foreclosure judgment. Pilecky fails to advance a cogent argument as to why an appurtenant easement should be treated differently when the property to which it is attached is transferred in the context of a foreclosure proceeding, as opposed to when that property is transferred by sale or inheritance.

¶28 Pilecky emphasizes that both of McCarty's mortgages expressly stated that the mortgaged premises included "all … easements and appurtenances." She asserts the absence of similar language in the foreclosure judgment shows that the parking easement was not part of the property foreclosed and that McCarty therefore retained her right to terminate the easement.

¶29 Pilecky's argument in this regard turns the law of appurtenant easements on its head. As noted above, an appurtenant easement is tied to the ownership or occupancy of a piece of property and is therefore transferred along with that property. *Borek*, 328 Wis. 2d 613, ¶14. Unlike an easement in gross, an appurtenant easement is not personal to the property's owner. *Id.* Thus, in this case, McCarty's interest in the parking easement was not personal to her; it merely resulted from her ownership of the Sixth Street property. Consequently, when McCarty's interest in the Sixth Street property was transferred to the Bank in the foreclosure proceedings, the Bank also received her interest in the parking easement. Contrary to Pilecky's argument, the fact that the mortgages stated all "easements and appurtenances" were included in the mortgaged premises did not convert the parking easement to an easement in gross that was personal to McCarty or otherwise grant McCarty a personal interest in the parking easement.

12

¶30 Pilecky nevertheless claims that if the foreclosure judgment in this case did foreclose her interest in the parking easement, then it amounted to a "secret foreclosure," which is not permitted under Wisconsin law. We reject Pilecky's assertion that the foreclosure of McCarty's interest in the parking easement was in any way "secret." McCarty's deed to the Sixth Street property expressly stated that the parking easement "shall be perpetual and run with the land." The foreclosure judgment and sheriff's deed both identified the Sixth Street property as the foreclosed premises. Wisconsin case law has long held that: (1) the ownership of an appurtenant easement follows the ownership of the dominant estate; and (2) an easement "passes by a subsequent conveyance of the dominant estate without express mention in the conveyance." *Krepel*, 165 Wis. 2d at 245. Under these circumstances, the fact that the sheriff's deed transferred ownership of the parking easement to the Bank was no secret, even though the easement was not mentioned in either the sheriff's deed or the foreclosure judgment.

¶31 Finally, Pilecky cites WIS. STAT. § 846.09, which states in relevant part:

> In any action for the foreclosure of a mortgage, at any time after judgment and before a sale pursuant thereto, the plaintiff may be granted leave to amend the summons, complaint and all the proceedings in the action by making as defendant any person who is a proper or necessary party thereto. … After such person has been thus made a party and served, and the person's rights adjudicated upon, the original judgment may be so amended as to bar and foreclose the person thereby, or to make any provisions in regard to the person's rights and interests in like manner as it could have done had the person been made originally a party.

Pilecky asserts the Bank had the right under this statute to amend its pleadings in the foreclosure case to name her as a defendant, but it failed to do so.

13

¶32 Pilecky's argument regarding WIS. STAT. § 846.09 is undeveloped, and we therefore decline to consider it. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Pilecky does not explain why she was a "proper or necessary party" to the foreclosure proceedings. *See* § 846.09. She also fails to identify any legal interest of hers that the Bank was seeking to foreclose in those proceedings, or any provisions as to her rights and interests that she believes the foreclosure judgment should have been amended to include. *See* ***id.*** Simply put, Pilecky has provided no basis for us to conclude that the Bank's failure to amend the foreclosure judgment to add her as a party prevents the Bank from now arguing that the foreclosure judgment and sheriff's deed included the parking easement.

¶33 For all of the foregoing reasons, we conclude the circuit court properly determined, as a matter of law, that the foreclosure judgment foreclosed McCarty's interest in the parking easement. The easement therefore continued to benefit the Sixth Street property after that property was transferred to the Bank via the sheriff's deed. As such, the court properly granted the Bank summary judgment on its claims for declaratory judgment and slander of title, and on Pilecky's counterclaim for abuse of process.[6] The court also properly denied Pilecky's motion for reconsideration, as Pilecky failed either to present newly discovered evidence or to show that the court made a manifest error of law or fact in its summary judgment ruling. *See* ***Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.***, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853. Accordingly, we affirm.

---

[6] Pilecky does not dispute that, if the circuit court properly determined that the parking easement passed to the Bank via the sheriff's deed, then it properly granted the Bank summary judgment on both of its claims and on Pilecky's counterclaim. Pilecky also does not challenge the amount of damages that the court awarded to the Bank on its slander of title claim.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.